## Stitzel *against* Kopp.

When the covenants between a vendor and vendee of land for the payment of the purchase money and delivery of the deed are mutual and dependent, the vendor must, at the time fixed by the contract, have in him such a title as he covenanted to make, otherwise the vendee may elect to rescind the contract; but when these covenants are independent, and by their terms the payment of the purchase money in part precedes the execution and delivery of the deed, it is not a good defence in an action for that part of the purchase money that the vendor had not then power to make a good title.

ERROR to the Common Pleas of *York* county.

Sebastian Stitzel and Jacob Asper against Leonard Kopp. This was an action of debt upon the joint and several sealed note of Peter Kopp and Leonard Kopp. The plaintiffs, as the assignees of Isaac Hull, sold at public sale a tract of land upon the following conditions:

"The condition of this present sale, held the 29th September 1843, namely, of a plantation or tract of land containing 140 acres more or less of patented land, as the property of Isaac Hull. The highest bidder is to be the buyer; any person purchasing the said plantation or tract of land must pay $300 at the close of sale, or give his note with approved security to be considered part of the hand money, the said purchaser to sign his name to these conditions and give security if required. The assignees of the said Isaac Hull will execute a deed clear of all incumbrance unto said purchaser on the 2d day of April 1844. The assignees except half of the grain that is put out this fall, and the purchaser is to deliver it in the bushel. The one half of the purchase money to be paid on the 2d day of April next, and the residue of the purchase money to be paid in four equal annual payments, with satisfactory security, when possession will be given on said 2d day of April next."

Peter Kopp became the purchaser at $2300, bound himself to comply with the conditions, and gave the note upon which this suit is instituted, with the defendant as his security.

On the 2d April 1844, Peter Kopp tendered to the plaintiffs $1150, and demanded a deed of conveyance. At that time there

[Stitzel v. Kopp.]

were several judgments and mortgages which were liens upon the land, and Kopp had gone into possession of it. On the 4th, 5th and 6th of April, all of the mortgages and judgments were satisfied on the record but one. On the 15th April, the plaintiff tendered a deed to defendant, the incumbrance being then $600. On the 17th April, Kopp left the possession of the premises, and abandoned the possession of the land. On the 20th April, the remaining incumbrance was satisfied.

The plaintiffs founded their claim to recover upon the following points, upon which the court was requested to charge the jury:

1. That if the jury believe that the obligation on which this suit is brought was given for part of the purchase money of the land sold to Peter Kopp, and that the purchaser took possession under the contract and held it as long as he chose, the contract between the parties was so far executed that it could not be avoided by the mere fact that there were incumbrances on the property on the 2d day of April when the parties met, although the plaintiffs might not have been prepared to remove them on that day, provided they could do it, and did it in reasonable time afterwards, and before this suit was brought; and this is so, whether the purchaser made any tender or not on the aforesaid 2d day of April.

2. That after Peter Kopp the purchaser had taken possession of the premises, he could only, apart from all other considerations, put the plaintiffs in default and rescind the contract, if at all, by tendering to the plaintiffs on the day the parties met, the money payable on that day, and satisfactory security for the residue of the purchase money, and also the possession of the premises.

3. That there is no evidence that the plaintiffs waived the tender of the possession, and that the purchaser, Peter Kopp, by neglecting to make it on the 2d of April 1844, and by remaining in possession on that day and afterwards, failed to put the plaintiffs in default in regard to the contract, and justified them in considering it still in force.

Durkee, (President), was of opinion that the plaintiffs were not entitled to recover, and instructed the jury that the defendant might tender his money at the time stipulated by the contract; and if the vendors were not then ready to make the title, the defendant might rescind the contract.

*Mayer*, for plaintiff in error, argued that the defendant's remaining in possession was a waiver of a strict compliance with the contract as to time and an acceptance of the title. *Sug. on Vend.* 10; 4 *Watts & Serg.* 318; 5 *Serg. & Rawle* 323; 2 *Story's Eq.*, sec. 776. But if he had determined to rescind the contract, he could only do so by an immediate restoration of the possession or a tender to restore it as well as to pay the money. He must put the vendor in the same situation he was. 1 *Watts* 248; 4

[Stitzel v. Kopp.]

*Watts* 152; 8 *Serg. & Rawle* 294; 3 *Amer. Eq. Dig.* 509, *pl.* 25; 2 *Watts* 478, 434; 3 *Watts & Serg.* 56.

*Fisher, contra,* contended, that when the deed was tendered by the plaintiff, the land was incumbered, and the defendant not, therefore, bound to accept; and no principle is better settled than that it is in the power of the vendee to tender his money on the day stipulated in the contract and demand his deed; and if it be not given to him, he may rescind the contract. *Sug. Vendors* 342; 1 *Watts* 247.

The opinion of the Court was delivered by

BURNSIDE, J. (after stating the facts of the case). — The covenants to deliver the deed clear of all incumbrances, and the payment of one half the purchase money, were mutual and dependent; the distinction between dependent and independent covenants is well settled; in the former, between a vendor and vendee of land, the conveyance and payment of the purchase money are to be simultaneous acts, and there must, therefore, be an existing capacity in the vendor to give a good title; in the latter, when the payments are to precede the conveyance, it is no excuse for nonpayment that there is not a present existing capacity in the vendor to convey a good title, unless the one whose duty it is to convey offers to do so on receiving a good title, and then it must be made to him or the contract will be rescinded. *Robb* v. *Montgomery,* (20 *Johns. Rep.* 20.)

If the vendee had paid his money, and an incomplete deed were tendered to him, he may refuse to accept it or to enter on the land; and if he has entered, may restore the possession and sue for his money. *Sug. Vend.* 312; *Withers* v. *Atkinson,* (1 *Watts* 247–8.) Here the purchaser gave notice and restored the possession on the 17th April; all the incumbrances were not removed until the 20th; and when the deed was tendered to him, he refused to accept it. We cannot say that under these circumstances he was bound to accept it. The plaintiff had not regarded his covenants; had not, in time, placed himself in a situation to enforce performance by the vendee. If a sufficient conveyance clear of incumbrances had been tendered to the vendee before he had removed from the premises, the plaintiffs would have presented a better case. We can discover no error in the charge of the court. The present defendant as security on the note might avail himself of any defence with which his principal was clothed.

Judgment affirmed.