## Stickter *versus* Guldin.

If a vendee tender performance of his contract, at the time appointed, and the vendor be unable to perform *his* part of the agreement, the former may elect to rescind the contract, and maintain an action to recover back any money paid on the footing of the agreement.

ERROR to the Common Pleas of *Schuylkill county*.

This was an action of *assumpsit* by Benjamin H. Guldin against George H. Stickter, to recover back $150 paid by the plaintiff to the defendant on a parol contract for the purchase of a house and lot in the borough of Pottsville. There was a verdict and judgment for the plaintiff below for $204.40; to reverse which the defendant sued out this writ. The facts of the case and the grounds upon which the judgment was sought to be reversed, sufficiently appear in the opinion of the court.

*F. W. & J. Hughes*, for the plaintiff in error.—Cited 16 *S. & R.* 258-61; *Sugden on Vendors* 1031; 2 *Kent Com.* 597.

*Palmer*, for defendant in error.—Cited 1 *Leigh's Nisi Prius* 45, 60, 62; 1 *Bacon's Abr.* 407; Cripps *v.* Reide, 6 *T. R.* 606; Dorsey *v.* Jackman, 1 *S. & R.* 42; Lighty *v.* Shorb, 3 *Penn. R.* 447; Steinhauer *v.* Witman, 1 *S. & R.* 448; Kerr *v.* Kitchen, 7 *Barr* 487; 1 *Sugden on Vendors* 267.

The opinion of the court was delivered by

THOMPSON, J.—The controversy in this case grew out of a parol contract for the sale of a house and lot in the borough of Pottsville, Schuylkill county. The contract on which it originated, was made between the parties, Guldin and Stickter, on the 1st of March 1851, by which the latter agreed to sell to the former the property for the sum of $2150,—one hundred and fifty dollars to be paid in hand—one thousand dollars on the 1st of April ensuing, when the deed was to be made, and the balance in one year thereafter. The hand money was paid, but no possession delivered. On the 1st of April, the plaintiff below, Guldin, caused a tender to be made to Stickter, the vendor, of the thousand dollars then payable, and demanded a deed for the premises, clear of encumbrances, according to the terms of the contract. The defendant could not comply on account of encumbrances existing against the property, but offered indemnity against them. This the plaintiff's agent declined accepting, and claimed to have the deed on that day, declaring plaintiff's readiness to perform his part of the contract. The defendant did nothing more after that towards making title, and in November following sold the property to another for the sum of

$2125. This suit was brought some time after, to recover back the $150 paid at the making of the contract.

The error assigned on this record is to the charge of the court below, in which the jury was instructed " that in order to defeat the plaintiff's recovery, it ought to be shown that he knew of the liens (on the property), and took a covenant of warranty against them—or agreed to take the property subject to them." It is difficult to perceive any objection to this instruction. It cannot be doubted, but that, if the plaintiff below had expressly agreed to take, and had taken, the defendant's guaranty against encumbrances on the property, he would have to pay up the purchase-money, because the covenant to indemnify would have then stood in place of the security, the retained purchase-money would otherwise have afforded ; and when the encumbrances damnified the plaintiff, if permitted to do so, he would have had to resort to the guaranty of the defendant. But nothing of this kind existed, and the defendant failing to comply with his part of the contract, the plaintiff was entitled, in the absence of any such covenant, to recover the money back. Nor can it be any more successfully contended that, if Guldin had agreed to take the property subject to the encumbrances, he could have refused payment or recovered the purchase-money back. The court instructed the jury, that unless the plaintiff had agreed to one or other of these positions, he ought to recover, and the instruction was right; otherwise the defendant would be permitted to retain money obtained for a consideration that had entirely failed, and through his own default, a result which would be outside of all equity.

But it seems impossible to conceive of any just principle upon which the defendant could successfully resist a recovery in this case, for other reasons. The plaintiff performed, and tendered performance; the defendant failed to comply on his part. It was thereafter the privilege of the former to treat the contract as *at an end*, and demand a return of the money paid : Moorhead *v.* Fry, 12 *Harris* 37 ; Borough of Erie *v.* Vincent, 8 *Watts* 510 ; Stitzel *v.* Kopp, 9 *W. & S.* 29. This he could have done, if the defendant, after the failure to comply, had retained the property, and afterwards offered to convey, because he had a right, at the time of failure, to treat the contract as at an end, and rescinded. But instead of the defendant retaining the property, he also *chose* to treat the contract as rescinded, and the same season sold it to another, and it may be presumed, got his pay for it. The contract was therefore rescinded by both parties. Upon what principle, then, of equity or law, could the defendant retain the money after all that ? Certainly not on the footing of part payment for property which the plaintiff might enjoy under his contract, for it was gone ? Nor on the ground of default in complying with his part of the bargain, for he was ready and willing to comply; it

[Stickter *v.* Guldin.]

was the defendant himself that would not, or could not, comply. We think the defendant had no equity in his case, and that the plaintiff had both law and equity on his side, and was fully entitled to recover.

Judgment affirmed.