37      419
31 SC  261
31 SC  262

## Bender's Administrators *versus* Bender.

### *Parol Contract for the Sale of Land.*

A contract for the purchase of land, not put in writing, passes no interest to the purchaser, and furnishes no right, in law or equity, to demand a specific performance; but damages may be recovered for the breach of it, to compensate him for all that he did, relying on the contract, and for permanent improvements, made with the knowledge of the seller and of which he gets the benefit by taking back the land, deducting the value of the rents and profits, during the purchaser's occupancy.

ERROR to the Common Pleas of *Westmoreland county*.

This was an action of *assumpsit* brought by Jacob Bender against Samuel Rock, administrator, &c., of George Bender, deceased, with notice to the heirs; to recover damages for the breach of an alleged parol contract, made between him and his father, the said deceased, by which it was agreed that a certain tract of land should be devised to the plaintiff. The defendant pleaded *non assumpsit* and *non assumpsit infra sex annos*. It appeared from the evidence, that, in consideration of this intended devise, the plaintiff was to maintain his father during his life, and pay the other children the sum of $1000, at the rate of $125 per annum, commencing one year after his father's death, and move from the farm which he then occupied, to that of his father, which he did in 1849 or 1850, where he remained until his father's death in 1854; and that during that time he had expended considerable money in improvements on the farm, which was the subject of this alleged bargain. George Bender died intestate, and, on proceedings in partition, had in the Orphans' Court, the farm was adjudged to the plaintiff at the appraisement.

The defendant denied that there was sufficient evidence adduced by the plaintiff to establish a contract between father and son, and also that if plaintiff was entitled to recover, the value of the improvements made on the land by him should not be allowed in estimating his damages.

The court below (BUFFINGTON, P. J.) refused so to instruct the jury, charging, however, "that they must be satisfied that there was an absolute and unconditional contract between the plaintiff and his father, which had been complied with by plaintiff, and that the measure of damages in this case was the actual loss sustained, to wit, the value of the maintenance of the old man, and the labour and expenditures bestowed on the land, less the rents and profits thereof."

The jury rendered their verdict in favour of the plaintiff for $433.88; and judgment having been entered thereon, the defend-

[Bender's Administrators *v.* Bender.]

ant sued out this writ, and assigned for error the instruction of the court as above quoted.

The opinion of the court was delivered, January 7th 1861, by LOWRIE, C. J.—By our law, this contract, though not put in writing, is not entirely nugatory; but only so far so that it passes no interest in the land, and cannot furnish any right in law or equity to demand a specific performance. But damages may be recovered for the breach of it. What damages?

Compensation for all that the plaintiff below did in pursuance of the contract, and in satisfaction of his part thereof, and for all permanent improvements made upon the land, in reliance upon the contract, with the knowledge of the defendant, and which the defendant gets the benefit of by taking back the land, deducting the value of the rents and profits of the land during the plaintiff's occupancy.

The making of improvements seems to us a natural consequence of relying on the contract; and the party who witnesses the making of them without objection, and then rescinds the contract, ought to pay for them. Thus we understand the court to have decided. This instruction was objected to here, but we were favoured with no argument upon it, and we see no error in it.

The other point we have already affirmed in Poorman *v.* Kilgore, in this term.

Judgment affirmed.