# Knerr *versus* Bradley.

1. Where a lease of real estate contains a clause giving the lessee the option of purchasing the demised premises for a stipulated price, which option is exercised by the lessee during the term, the relation of landlord and tenant is thereby determined, and the parties thereafter stand in the relation of vendor and vendee under the agreement.

2. Where a tenant by the terms of his lease had the option to purchase the demised premises at a certain named price, " on such further terms as shall be mutually agreed upon by the lessor and lessee," and he exercised the option by notice in writing to the lessor, and by tendering in cash the amount of purchase money stipulated for, the relation of landlord and tenant thereby ceased, and the landlord was not entitled to claim rent thereafter.

3. Upon a rule for judgment for want of a sufficient affidavit of defence,

[Knerr v. Bradley.]

all the material averments of the affidavit must be assumed to be true. An averment that a certain written contract sued upon contained a particular clause, which was omitted from the copy filed, cannot be contradicted or qualified, on the hearing of such rule, by exhibiting the original contract, whereby it appeared that said clause was not contained in the body of the contract, but was indorsed thereon without being signed by the parties.

4. In the above case, the affidavit averring a sufficient defence, it was error to enter judgment for the plaintiff on the rule.

January 28, 1884. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.

ERROR to the Court of Common Pleas, No. 3, of *Philaphia county :* Of July Term, 1883, No. 224.

Covenant, by Caleb H. Bradley against Calvin B. Knerr, to recover rent alleged to be due under a lease for two periods of six months each from November 1, 1882, to November 1, 1883. The plaintiff filed a copy of the lease, and a statement of his claim.

Under a rule obtained by the defendant, the plaintiff produced the original lease in court for inspection. The defendant then filed an affidavit of defence, which is recited in full in the opinion of this court, infra.

The plaintiff took a rule to show cause why judgment should not be entered for want of a sufficient affidavit of defence, which rule the court, after argument and inspection of the original lease, made absolute ; whereupon defendant took this writ of error, assigning for error the entry of judgment for want of a sufficient affidavit of defence.

*Josiah R. Sypher*, for the plaintiff in error.

*William Ernst*, for the defendant in error.

Mr. Justice CLARK delivered the opinion of the court, February 4, 1884.

The single question presented on this record is, whether or not judgment was properly entered for want of a sufficient affidavit of defence.

The action is covenant, upon a contract under seal, brought to recover the rent of a furnished house and lot of ground at Bryn Mawr, from the first day of November, 1882, to the first day of November, 1883, $800. The plaintiff filed with his præcipe a copy of the covenant, together with a statement of the amount of his claim.

The affidavit of defence, which was filed, omitting the merely formal parts thereof, is in the words and form following:

"The copy of the lease filed in this case and upon which

suit is brought is an incomplete and inaccurate copy, and does not set forth the entire contract entered into between plaintiff and myself. The contract of lease executed between us and delivered to me, contained a clause as follows: 'It is also agreed that the said Calvin B. Knerr shall have the option of purchasing the premises described in this lease for the price or sum of eight thousand five hundred dollars, on such further terms as shall be mutually agreed upon by the said Bradley and said Knerr,' which covenant together with other matter material to the determination of this matter in controversy has been omitted from the copy filed. I have kept all the covenants contained in said lease, and paid all the rent due under said lease up to the 31st day of October, A. D. 1882, inclusive. On that day I exercised the option of purchase granted to me in the above mentioned clause in the contract of lease, and sent a written notice to plaintiff, notifying him that I would take the premises described in the lease, pay to plaintiff the sum of eight thousand and five hundred dollars upon the delivery of title for the said premises, and requested plaintiff to leave the title papers with his, plaintiff's attorney, so that my conveyancer might be able to prepare a deed of the premises. And further, I have at divers times, unto the said Caleb H. Bradley, or his attorney, tendered and offered to pay the purchase money mentioned in said contract of sale, and demanded a deed for said premises, and insisted on my right to avail myself of the said option to purchase, and offered and now offer to pay the said purchase money with interest from the 31st day of October, A. D. 1882, upon the execution of a proper deed of conveyance to me. But the said Caleb H. Bradley has at all times disregarded his said covenant to sell the said premises to me for the sum specified in the said covenant.

"I am informed and submit that, having exercised my option and notified plaintiff thereof, as above stated, the relation of landlord and tenant under the said contract ceased; that I was not thereafter liable to plaintiff for rent, but only for the amount of purchase money agreed upon in the above mentioned clause to be paid upon the execution of a proper deed of conveyance from plaintiff to me.

"In accordance with the suggestion of plaintiff's attorney that 'a Bill in Equity would soonest determine the whole matter in controversy,' I brought a suit in equity to December Term, 1882, Common Pleas Court No. 1, to compel the said plaintiff, Caleb H. Bradley, to convey to me the said premises under the agreement and facts as above stated. The proceedings in that suit are now pending, and I am advised that the

determination of that suit will determine my liability in the matter of rent.

" All of which I believe to be true, and expect to be able to prove on the trial of this cause."

As the question here presented is upon the sufficiency of the affidavit, we must assume that all its material averments are true. And, although it appears from an inspection of the contract, produced under a rule in the court below, and here at the argument, that the clause recited in the affidavit and alleged to be omitted from the copy filed, is written upon the back of that instrument, and is apparently not subscribed by the parties, yet, according to the averments of the affidavit, the contract contained this clause; whether or not the signatures to the endorsement were omitted by any act of fraud, or by mistake, or the signatures to the contract were, or were intended to be applicable not only to the contract but to the endorsement as well, or in whatsoever way the clause may be shown to be a part of the contract, is a matter of proof and for a jury. The cause cannot be tried on the affidavits of the parties ; it is sufficient if the affidavit distinctly declares that the clause under which the defendant claims is contained in, and forms part of the contract, and is omitted in the copy filed. How, or in what manner he may establish this, or whether he can establish it at all, will hereafter appear. We have nothing to do with the proof of execution at this stage of the proceedings. Nor can any question here arise under the statute of frauds and perjuries ; that question can only be disposed of when it is properly presented ; we cannot anticipate the proofs.

It is contended, however, that this option clause is executory in its character; that it refers to a time when further terms shall be mutually agreed upon ; that it lacks mutuality, and does not appear to be founded on any valid consideration, and that it is therefore not binding upon the parties. It must be admitted that it is executory, but it is none the less binding on that account ; it does contemplate that if the option is exercised, further terms will be mutually agreed upon ; but the sale provided for is of the premises described in the lease, an absolute sale, and the terms presumably relate to the mode of payment. The purchaser, however, renders the consideration of terms unimportant, by offering and tendering a cash payment of the whole sum on delivery of the deed, and as the clause is to be taken as a component part of the contract, its consideration is presumed to be found in the fact of the lease, to which, for anything that appears, it may have been an inducement.

Whatever may have been the contract relation between the

parties, under this clause at the outset, it seems clear under the ruling of this court in Newell's Appeal, 4 Out., 513, that the effect of the notice of 31st October, 1882, was to create a valid contract of sale, and as such the vendor could have enforced it. The vendor's duty was to tender his conveyance in compliance with the purchaser's request, and demand the purchase money, the payment of which he might enforce in assumpsit or by ejectment.

The payment of the purchase money and the delivery of the deed are cotemporaneous acts under the contract. If as it is intimated, the purchaser is without means, and his design is to keep the possession without payment of rent until dispossessed, such an unfortunate condition of affairs must be accepted as the result of an improvident bargain, which the vendor was not obliged to make. The vendee, however, avers in his affidavit, not only that in the written notice, he offered to pay the entire purchase money of $8,500, upon the delivery of the deed, requesting that the necessary papers to secure the title should be at once prepared, but that at divers times he tendered and offered to the vendor to pay the purchase money, and demanded his deed, and the vendor at all times disregarded his tender, and refused compliance with his agreement. The mutuality of the contract is undoubted; the vendor is bound to convey the property and the vendee to pay the purchase money for it.

The relation of landlord and tenant therefore ceased, as between the parties, on the 1st November, 1882, to which time the rent was fully paid, and from that date the parties assumed the relation of vendor and vendee. It will be understood that this cause is here determined upon the facts set forth in the defendant's affidavit alone, the truth of which we are bound to assume; a full disclosure of the facts may of course radically change our views.

The affidavit of defence is adjudged sufficient, the judgment reversed and a procedendo awarded.