## JAMES WRAY ET AL. v. H. P. SPENCE ET AL.

APPEAL BY D. STEINER FROM THE COURT OF COMMON PLEAS OF CLARION COUNTY.

Argued October 7, 1891—Decided October 19, 1891.

1. When there is other evidence in the case tending to establish the main question in controversy, and an offer is made to prove a fact which has some bearing upon that question, though if standing alone it would be of little force, it is not error to admit the offer, and submit the same to the jury.
2. The refusal of the court below to enter a judgment of nonsuit against the plaintiff, is not assignable for error. And where the defendant made no request for a binding instruction in his favor, an assignment specifying error in submitting the case to the jury on the evidence, cannot be sustained.

Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, MC-COLLUM and MITCHELL, JJ.

No. 87 October Term 1891, Sup. Ct.; court below, No. 447 August Term 1883, C. P.

On August 18, 1883, an appeal was entered from the judgment of a justice of the peace in an action by William Wray against H. P. Spence and Daniel Steiner. On December 10, 1884, the plaintiff filed his declaration in assumpsit, and on De-

### Statement of Facts.

cember 27th, the death of the plaintiff was suggested, and his administrators, James Wray and William A. Wray, were substituted. On February 11, 1885, defendant Steiner, under the rules, filed the plea of non assumpsit, and at the same time his affidavit denying any partnership or joint liability with his co-defendant Spence, relating to the subject matter of the action, or that he was in any manner, jointly or otherwise, connected with the latter in reference to the same.

At the trial, on August 29, 1888, the plaintiffs introduced testimony to show that in 1881 and 1882, their decedent operated a saw-mill in Barnett township, and did custom work thereon. Defendant Spence put in timber from certain tracts of land. The timber was sawed at the rate of three dollars a thousand, and the work was entered on the mill books under the heading " H. P. Spence logs." Two hundred and forty-three dollars and eighty-seven cents had been paid on the bill, and this action was brought for a balance remaining unpaid. Defendant Spence made no defence. After testimony showing acts and declarations of the defendant Steiner, in relation to the lumber made, sufficiently shown in the opinion of the court, the plaintiffs called Daniel McKenna:

" Q. State who run and rafted the lumber that was sawed by Wray there for Spence and Steiner?"

Objected to by defendant's counsel as improper.

" Q. Do you know that lot of logs or lumber that the witnesses were talking about here? A. Yes: I know there were logs there. Q. Do you know what Mr. Steiner had to do with running or rafting the lumber, if anything?"

Objected to by defendant's counsel, as leading and suggestive.

" Q. Who rafted it? Did you see them run or raft any of them? A. I seen some of them; not all, I suppose. There were boats built there at Troutman, and there was some lumber run down to Gravel Lick. Q. Who was handling it? A. Who was taking it away? Q. Yes. A. Mr. Steiner's son and a couple of boys; and a man along, I don't recollect."

Objected to by defendant's counsel, as irrelevant and immaterial.

" Q. Was Mr. Steiner's son of age or a minor? A. That I am not certain of; I suppose he was, but I can't tell anything

Statement of Facts.

about his age. Q. Do you know whether he was doing business for himself or for somebody else? A. He was doing business as far as I understood for his father."

Defendant's counsel object to the witness stating his understanding.

" A. I know he done business in the store, and done business for them. That is all I know."

Defendant's counsel object to the witness stating his understanding, and object to the testimony as irrelevant and immaterial, also incompetent to affect the defendant Steiner.

By the court: What is your purpose in this offer?

Mr. Reid: In connection with other evidence already in, of the exercise of authority or ownership over this property by Mr. Steiner in connection with Mr. Spence, this is some evidence to show that he continued the exercise of acts of ownership.

Mr. Reed: We object to this as incompetent, first, in that the witness has not disclosed any knowledge identifying the logs in controversy; second, he has not established the authority of Daniel Steiner's son to act for his father in the matter; third, there has been no evidence preceding this by which the defendant Steiner is in any way connected with these logs. We therefore object to the testimony as incompetent, irrelevant and immaterial, and ask that it be struck out.

By the court: We cannot say this is an irrelevant matter in view of the issue here,—throwing light upon what connection the defendant Steiner had with the logs, the sawing of which is sued for. Therefore the objection is overruled; exception.[1]

At the close of the plaintiffs' case, the defendant moved for a nonsuit, "for the reason that in the whole evidence there is not a scintilla to charge the defendant, Daniel Steiner, with the sawing of that lumber."

By the court: Motion overruled.[2]

The case having fully closed on the testimony, the court, WHITE, P. J. 40th district, presiding, instructed the jury, who returned a verdict for the plaintiffs for $137. On January 23, 1891, a rule for a new trial was discharged and judgment entered; when the defendant Steiner took this appeal, specifying that the court erred:

1. In the admission of the plaintiffs' offer.[1]

VOL. CXLV—26

Opinion of the Court.

2. In the refusal of the motion for a nonsuit.[2]

3. " In submitting the case to the jury, there being no evidence to charge the defendant Daniel Steiner with any partnership or joint liability."

*Mr. H. R. Wilson* (with him *Mr. John W. Reed*), for the appellant.

That, if there is evidence from which the jury can properly find the question for the party on whom the burden of proof rests, it should be submitted, but if not, it should be withdrawn from the jury, counsel cited: Hyatt v. Johnston, 91 Pa. 196 ; Howard Exp. Co. v. Wile, 64 Pa. 201; Sidney Furn. Co. v. School D., 122 Pa. 494.

*Mr. B. J. Reid* (with him *Mr. J. H. Patrick*), for the appellees.

(1) That it is error to reject evidence which in any degree tends to prove the issue, however inconclusive, counsel cited: Allen v. Rostain, 11 S. & R. 362 ; Carr v. Beck, 51 Pa. 269 ; Woodrow v. Blythe, 4 Penny. 196 ; Laubach v. Laubach, 73 Pa. 387 ; Atchison v. McCulloch, 5 W. 13 ; Batdorff v. Farmers' Bank, 61 Pa. 179. (2) That a refusal to enter a nonsuit is not assignable for error : Ballentine v. White, 77 Pa. 20 ; Easton Bor. v. Neff, 102 Pa. 474. (3) Upon the third assignment: Germantown Ry. Co. v. Walling, 97 Pa. 55 ; Yard v. Pancoast, 108 Pa. 384.

OPINION, MR. JUSTICE GREEN :

The defendant made no request for a binding instruction by the court to render a verdict in his favor, and therefore the third assignment of error cannot be sustained. The refusal of the court to enter a compulsory nonsuit cannot be assigned for error, and therefore the second assignment is not sustained. This leaves only the first assignment to be considered. It was for the refusal of the court below to strike out the testimony of the witness Daniel McKenna.

The witness had testified to having seen a son of the defendant Steiner taking away from the Wray mill some of the lumber in question. Other witnesses had testified to acts of intervention by Steiner in the sawing of the lumber by the

plaintiffs' intestate. The witness John A. Small had testified that he did the sawing for Mr. Wray, who owned the mill, and had kept the account of the lumber sawed; and that Steiner had come to the mill while he was sawing the lumber in question, and had given him directions as to how the lumber should be sawed. He said: "Steiner came on to the mill a few days after I started, and told me he wanted the good oak logs sawed into studding, and the bad stuff put into streamers, and the good lumber he wanted boat lining." On cross-examination he testified further on the same subject. A witness named Fitzgerald had testified that he did some work for Steiner on the lumber that was sawed there, and that Steiner had paid him for it, and it was in 1882. He rafted some lumber for him from the Wray mill. Peter Knight had testified that Steiner had told him to haul the logs to the mill and let him have some feed for that purpose, and that he also got goods from Steiner & Bartlett's store on orders from Spence. After this witness was examined, McKenna was called, and testified that he saw Steiner's son taking away some of the lumber from the mill. He said: "There were boats built there at Troutman, and there was some lumber run down to Gravel Lick. Q. Who was handling it? A. Who was taking it away? Q. Yes. A. Mr. Steiner's son and a couple of boys; and a man along I don't recollect." He said, also, the boy was doing business for his father, as he understood.

The foregoing testimony being in the case, the defendant's counsel moved to strike out the testimony of the witness McKenna. The court declined to do this, because it was some evidence upon the question as to what Steiner had to do with the logs. We can see no error in this. The testimony was relevant to the main question. It was entirely competent, and taken in connection with other evidence, it was fairly for the consideration of the jury. If Steiner's son took away some of the lumber from the mill, it was some evidence that he did it for his father. If he did not, he could be called by the defendant to disprove any authority from him to take away the lumber. A question of fact only was raised by the testimony. The fact had some bearing upon the main question, and therefore it was proper to be considered by the jury. Of course, standing alone without other evidence, it would have been very

Syllabus.

weak; but, in connection with other evidence tending to connect Steiner with the lumber, it was entitled to some weight. The case has been discussed for the defendant on its general merits, and it has been earnestly contended that on all the evidence no liability was established against the defendant. But the merits of the case are not before us. They have been determined by the verdict against the defendant, and there is no assignment of error which brings them before us. The jury having determined, under a very fair and impartial charge, that the defendant Steiner was jointly interested with Spence in having the logs sawed, we must assume that they have correctly so found; and, that being so, the evidence of McKenna as to the action of Steiner's son is corroborative of the main fact. We see no error in the action of the court refusing to strike out McKenna's testimony.

Judgment affirmed.