## E. D. Fry *v.* Philip Flick, Appellant.

*Appeals—Practice, C. P.—Absence of request for specific instructions—Question for jury.*

In the absence of objections to the evidence and of a request for specific instructions a trial judge commits no error in submitting the issue of fact raised by it to the jury for their determination.

*Appeals—Defective assignments—Rule of court.*

Specifications of error are defective, and violate Rules 15 and 16, which challenge, in general terms, the charge of the court in not deciding given questions of law, without reciting the charge or disclosing specific requests to so charge.

*Estoppel in pais—Province of court and jury.*

In a suit to recover damages for breach of parol contract for sale of land it would be error to charge the jury, as a matter of law, that the plaintiff was estopped by matters in pais which were the pivotal facts in the case and which being in dispute were properly submitted to the jury under proper instructions.

Argued May 2, 1899. Appeal, No. 231, April T., 1899, by defendant, from judgment of C. P. Cambria Co., June T., 1897, No. 299, on verdict for plaintiff. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed. Opinion by RICE, P. J.

Assumpsit. Before GREER, P. J., of the 50th judicial district, specially presiding.

The facts sufficiently appear in the opinion of the court.

Verdict and judgment for plaintiff for $335. Defendant appealed.

*Error assigned* was as follows : "The court erred in not deciding as a question of law, that Fry could not recover for work and money expended on the land; that knowing or having the means of acquiring the knowledge, that he had no title to the land or any portion of it, and having been notified in July and August, 1895, not to trespass, he is estopped from claiming for work and labor done and money expended on the land. Whether the estoppel resulted from the established facts, was a question for the determination of the court, and the court erred in not so

determining. The court further erred in instructing the jury that if Flick did not tender the deed they should find for the plaintiff, when Fry in his statement swears that it was tendered."

*F. A. Shoemaker*, for appellant.

*Alvin Evans*, with him *M. D. Kittell* and *P. J. Little*, for appellee.

OPINION BY RICE, P. J., May 18, 1899:

This was an action of assumpsit brought to recover damages for the breach of a parol contract for the sale of land. The plaintiff's claim was for the labor and money he had expended on the faith of the contract. No question is raised as to the right of the vendee to maintain an action for the breach of an oral agreement for the sale of land nor as to the rule for measuring the damages, which is, that in the absence of fraud, the plaintiff is entitled to recover compensation for the money paid and expenses incurred on the faith of the contract: Thompson v. Sheplar, 72 Pa. 160; McCafferty v. Griswold, 99 Pa. 270. It is argued, however, that the court erred in not charging the jury that the plaintiff was not entitled to recover in the present case, because he was notified by the defendant not to trespass on the land. We might dismiss this complaint with the single statement that no request was made for such instruction: Wray v. Spence, 145 Pa. 399; Kitchen v. McCloskey, 150 Pa. 376. We will add that it would have been error to hold as matter of law that the plaintiff was estopped, and, therefore, could recover nothing; first, because the fact of notice was in dispute; second, because a considerable part of the work had been done before the alleged notice was given; third, because the notice was that the plaintiff should do no more work there until the dispute as to the division line was "settled," and according to the testimony of some of the witnesses, it was settled before they parted, by an agreement that the plaintiff was to take three acres less than had been originally agreed. These questions of fact were fairly submitted to the jury, with instructions that if a settlement was effected, the plaintiff might recover for what he did thereafter under the belief that a deed would be made as

the defendant promised; otherwise not. In this there was no error.

It is argued in the second place that the plaintiff was not entitled to recover, because the defendant tendered a deed which the plaintiff refused. Under the evidence, this was a disputed question of fact, and was fairly submitted to the jury. No objection was raised on the trial to the admission of the evidence, nor was any request made for instructions that the plaintiff was concluded by the averment contained in his statement of claim. Moreover, he was not concluded, for the statement contains no distinct admission that the deed in question for the forty-seven acres was tendered, and even if it did, the mistake of counsel, if one was made, could have been remedied by amendment, and doubtless would have been if the point had been raised on the trial. In the absence of objection to the evidence and of a request for specific instructions, the court committed no error in submitting the issue of fact raised by it to the jury for their determination: Kroegher v. McConway Co., 149 Pa. 444.

In conclusion we remark, lest our silence be regarded as an approval, that the specification of errors does not conform to our Rules 15 and 16, and might well have been dismissed for that reason.

Judgment affirmed.