## Thuemler *v.* Brown, Appellant.

*Landlord and tenant—Option to purchase—Breach of contract—Damages—Compensatory damages—Evidence.*

Where an owner of land leases it to another and in the lease gives to the lessee the right to purchase the property for an agreed amount and thereafter conveys part of the land to a railroad company by a deed reciting that the conveyance was subject to the rights of the lessee, and takes a bond from the railroad company to protect him from liability to the lessee, and the lessee subsequently exercises his option to purchase, the lessor is liable to the lessee for compensatory damages for the breach in the contract, including loss of improvements and cost of moving machinery. In an action to recover such damages the lessee may prove the existence of the bond.

Argued May 16, 1901. Appeal, No. 112, April T., 1901, by defendant, from judgment of C. P. Beaver Co., Dec. T., 1899, No. 232, on verdict for plaintiff in case of Hugo Thuemler v. Hartford P. Brown. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Assumpsit for breach of contract to sell land.   Before MIL-
LER, P. J.

At the trial it appeared that defendant on May 27, 1897,
leased to plaintiff a tract of land in Rochester adjoining the
tracks of the Pittsburg, Fort Wayne & Chicago Railroad Com-
pany for one year at the rental of $12.00 per month with the
privilege to plaintiff to purchase the property for $3,700 on or
before July 1, 1899.   The plaintiff went into possession and
made improvements upon the land.   On December 31, 1898,
plaintiff notified defendant that he would purchase the land.
In the mean time the defendant had conveyed to the railroad
company a portion of the land by a deed reciting that the con-
veyance was subject to the rights of the lessee.   He also took
a bond to protect him from liability under his covenant to the
lessee.

The court under objection and exception excluded evidence
offered by the defendant for the purpose of showing that the
amount of the rental was fixed in contemplation of certain in-
tended improvements to be put upon the property by the ten-
ant. [6]

The court admitted under objection and exception an offer
to prove that the railroad company had given defendant a bond
to secure him against liability under his contract with the com-
pany. [7]

Defendant presented these points :

1. Under all the evidence the verdict should be for the de-
fendant.   *Answer :* Refused. [1]

2. Under all the evidence the plaintiff is only entitled to re-
cover nominal damages, if any at all.   *Answer :* Refused, as
explained in the general charge. [2]

The court charged in part as follows :

[You are therefore to determine from the evidence before you
whether the damages Thuemler now claims in this suit were
adjudicated and adjusted in the suit at No. 250 of December
term, 1898, and heretofore tried before Judge WILSON.   If they
were, he cannot recover them again here; if they were not ad-
judicated then, that suit would not bar a recovery here, if other-
wise he is entitled to recover damages.] [3]

[If you find that these additions and improvements and ex-

penses claimed to have been made by Thuemler were necessarily and properly incurred by him in his occupancy and use of the premises, and further that they were made and incurred on the faith of the contract to purchase the land, that Thuemler, in good faith, offered to purchase the premises mentioned in the article of agreement, and offered to pay and secure the consideration money in accordance with the terms of the agreement, and that Brown could not make the deed of conveyance in accordance with the contract in the agreement, for the reason that he had already conveyed a portion of the premises to the railroad company, we say to you that the plaintiff would be entitled to recover damages.] [4]

[There is one item in this claim for removing machinery. If the defendant, Mr. Brown, was in default, and Mr. Thuemler had done all that he was required to do under the circumstances, and if under the instructions we have given you and under the evidence you find that he is entitled to damages, he would be entitled to reasonable damages in removing the machinery from that building. Whether he would be entitled to the amount that he claims here or not is a matter entirely for you. I don't remember where he said he removed the materials to.] [5]

Verdict and judgment for plaintiff for $800. Defendant appealed.

*Errors assigned* were (1–5) above instructions, quoting them. (6, 7) Rulings on evidence, quoting the bill of exceptions.

*William A. McConnel*, with him *John M. Buchanan*, for appellant.

*A. P. Marshall*, with him *J. R. Martin*, for appellee.

OPINION BY WILLIAM W. PORTER, J., July 25, 1901:

By a written agreement the defendant leased to the plaintiff certain premises for one year with the privilege of renewal for a second year. By the writing it was agreed that the lessee should have the right to purchase the property and buildings for an agreed amount. During the running of the lease a railroad company began proceedings to take a part of the premises under their right of eminent domain. The defendant, the

owner of the land, sold to the railroad company the strip which they desired for railroad purposes. For this he received a considerable sum of money. He delivered to the railroad company a deed reciting that the conveyance was made subject to the rights of the lessee. The plaintiff here litigated with the railroad his right to damages for injury to his leasehold. Before the expiration of his lease, he notified the defendant of his intention to exercise the option to purchase. The defendant having parted with a portion of the land was unable to make the conveyance. This action is brought for damages for breach of the agreement to convey. Under the instructions of the court, the plaintiff was permitted to recover compensatory damages.

The defendant claims, under the first two assignments of error, that as the deed was made by the defendant to the railroad company subject to the lease, the plaintiff should be restricted in his recovery to nominal damages. The defendant by the giving of his deed to the railroad company did not avoid the performance of his covenant to convey contained in his agreement with the plaintiff. His conveyance of a part of the land stripped him of the power to convey the whole of the land to the lessee. He was, therefore, liable for the damages resulting to the lessee by reason of the breach. When the lessee gave notice to the lessor of his intention to take the land under the option to buy, the agreement became a contract of sale, binding on both parties: Newell's Appeal, 100 Pa. 513; Knerr v. Bradley, 105 Pa. 190.

The third assignment is not pressed in the argument. The fourth and fifth assignments are excerpts from the charge. These, taken with the body of the charge, seem to us unobjectionable. The damages recovered were restricted to compensation. If the breach of the defendant's contract to convey resulted, as the plaintiff contends, in the loss of improvements put upon the property, the loss thus incurred would be an item for the jury to consider in rendering their verdict, as would also the cost of moving his machinery out of the buildings. If the conveyance were prevented by some unforeseen cause, it may be that nominal damages only could be recovered, but where the party to the contract by his own act makes it impossible for him to perform his covenant, the plaintiff is entitled

to compensation. The lessor having rescinded the contract or rendered himself unable to perform it, may not complain if the lessee by reason of the breach was permitted to recover for the cost of the improvements and the cost of removing his machinery placed in the building during the running of his option to purchase: Bender v. Bender, 37 Pa. 419; Bitner v. Brough, 11 Pa. 127. These damages are compensatory. They are such as naturally flowed from the breach: Billmeyer v. Wagner, 91 Pa. 92.

The sixth assignment complains that the defendant was not permitted to show that the amount of the rental was fixed in contemplation of the intended improvements to be put upon the property by the tenant. It was excluded on the ground that the agreement was in writing and that the attempt was to alter or supplement its terms. We think this was a proper ruling. The appellant in the seventh assignment complains that the plaintiff was permitted to show that the defendant had in fact taken from the railroad company, at the time of the conveyance of the piece of land to them, a bond to protect the defendant from liability under his covenant with the plaintiff. We think this evidence was admissible for more than one reason. It tended to show that the defendant, in making the conveyance, knew that he was committing a breach of his agreement; that his breach was not under any claim of right; that he anticipated a claim for damages; that it tended to contradict the defendant's contention that the land was as valuable to the lessee after the deprivation of a part as before. The terms of the charge and the amount of the verdict clearly indicate that the introduction of the bond as evidence did not result in a recovery of excessive damages at the hands of a jury inflamed by desire to mulct a corporation.

Finding no error committed in the trial, the judgment is affirmed.