## Vernam *v.* Wilson, Appellant.

*Vendor and vendee—Fraud—Concealment—Prior conveyance of coal—Rescission—Contract.*

Where a person sells land by articles of agreement and conceals the fact that he had previously conveyed the coal under the land to another person by a deed of record, the purchaser on discovering the fraud may rescind the contract and recover back the portion of the purchase money paid, the value of the improvements which he had placed upon the land, and damages for the loss of his bargain.

Argued April 17, 1906. Appeal, No. 1, April T., 1906, by defendant, from judgment of C. P. Washington Co., Nov. T., 1904, No. 48, on verdict for plaintiff in case of Annie M. Vernam v. J. B. Wilson. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY and HEAD, JJ. Affirmed.

Assumpsit by a vendee against a vendor to recover damages after a rescission of a contract. Before TAYLOR, J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $1,496.64. Defendant appealed.

*Errors assigned* among others were (1, 2) the affirmance of the two points quoted in the opinion of the Superior Court.

*Edgar B. Murdoch,* with him *A. M. Todd, Boyd E. Warne* and *John H. Murdoch,* for appellant.—It is incumbent upon the party alleging fraud to prove the same by clear and satisfactory evidence, either by direct proof or by facts sufficient to warrant a presumption of its existence, clearly proved : Sebring v. Brickley, 7 Pa. Superior Ct. 198; Marble Co. v. Wiggins, 12 Pa. Superior Ct. 577 ; Jones v. Lewis, 148 Pa. 234 ; Slimmons's Appeal, 160 Pa. 522 ; Mead v. Conroe, 113 Pa. 220 ; McNair v. Compton, 35 Pa. 23.

Numerous cases might be cited as to the notice implied by the recorded deed for the coal and the duty of a purchaser to search for it: Maul v. Rider, 59 Pa. 167 ; Angier v. Schieffelin, 72 Pa. 106 ; Del. & Hudson Canal Co. v. Hughes, 183 Pa. 66 ; Davis v. Monroe, 187 Pa. 212 ; Jaques v. Weeks, 7 Watts, 261.

The measure of damages for breach of real contracts is to be looked for, not in the value of the estate at the time of breach or eviction, but in the consideration which had passed between the contracting parties : Tyson v. Eyrick, 141 Pa. 296 ; Pitcher v. Livingston, 4 Johns. 1 (N. Y.) ; Bender v. Fromberger, 4 Dallas, 436 ; Brown v. Dickerson, 12 Pa. 372 ; McClure's Exrs. v. Gamble, 27 Pa. 288 ; Cox's Admrs. v. Henry, 32 Pa. 18 ; Dumars v. Miller, 34 Pa. 319 ; McNair v. Compton, 35 Pa. 23; Burr v. Todd, 41 Pa. 206 ; Meason v. Kaine, 67 Pa. 126 ; Sands, Herdic & Co. v. Arthur, 84 Pa. 479 ; Tyson v. Eyrick, 141 Pa. 296 ; Ballas v. Wolff, 11 Pa. Superior Ct. 150.

*R. W. Parkinson, Jr.,* for appellee.—Constructive notice cannot be invoked to charge a person with assent to a fraud practiced on him. In case of fraud, it is immaterial that other sources of information were open to the purchaser. The vendor is estopped. No man can complain that another has relied too implicitly on the truth of what he himself stated : Max Meadows Land & Imp. Co. v. Mendinhall, 4 Pa. Superior Ct. 398; Meason v. Kaine, 67 Pa. 126 ; Spalding v. Hedges, 2 Pa. 240.

When a party contracts to sell lands, which he knows, at the time, he has not the power to sell and convey, he should be held to make good to the vendee the loss of his bargain : Mack v. Patchin, 42 N. Y. 167 ; Lanigan v. Kille, 97 Pa. 120 (at 126) ; Bartram v. Hering, 18 Pa. Superior Ct. 395.

The measure of damages, even in case of no fraud, is com-

pensation for all that plaintiff properly expended or did on the faith of the contract, including improvements made upon the land in reliance on the contract, with the knowledge of the defendant, and which the defendant gets the benefit of by taking back the land : Bender v. Bender, 37 Pa. 419 ; Rineer v. Collins, 156 Pa. 342 (353) ; Fry v. Flick, 10 Pa. Superior Ct. 362 ; Eberz v. Heisler, 12 Pa. Superior Ct. 388 ; McCafferty v. Griswold, 99 Pa. 270.

OPINION BY MORRISON, J., June 30, 1906 :

This is an action of assumpsit brought by the plaintiff to recover damages alleged to have been sustained by the defendant entering into a written contract with her to sell and convey two certain lots of land in the borough of Washington, Pennsylvania, by good and sufficient deed for the proper conveying and assuring of the said premises, in fee simple, free from all encumbrances, and dower, or right of dower, with the usual covenants of a general warranty.   Under this agreement the plaintiff had the right to go into possession on March 4, 1903, and she went into possession and paid $300 of the purchase money, and erected a dwelling house upon the premises and graded and improved the property to the value of about $1,100, as shown by the evidence.   It appears and is a conceded fact in the case that prior to the making of the agreement with the plaintiff, the defendant had sold and conveyed all of the coal underlying said premises to another party.   The plaintiff did not have knowledge of this fact until after she had made the payments and improvements mentioned.

On July 8, 1904, the plaintiff notified the defendant that she was ready to close the contract for said lots and pay the balance of the purchase money, and that unless the defendant could give the plaintiff a complete title, including the coal, the contract would be rescinded on payment of the purchase money already paid, with interest, and the value of the improvements made, to the plaintiff.   On the same day, the defendant tendered the plaintiff a deed for said lots which contained a reservation of all the coal, to which the plaintiff objected, and the defendant failing to convey the coal, the plaintiff gave notice of the value of the improvements, and elected to rescind the contract, and subsequently brought the present suit.

At the trial the plaintiff presented two theories for recovery which fairly appear by the following points:

1. "If, after the article of agreement was entered into, the plaintiff discovered the defendant's inability to convey to her the title he had agreed to, and if that inability of the defendant continued up until the expiration of a reasonable time given the defendant by the plaintiff to comply with his contract; then the plaintiff had the right to elect either to insist upon a deed for whatever interest the defendant had in the property, or to rescind the contract, and sue for the money paid under the article on the purchase money, and other moneys expended on the faith of the contract."

2. "The measure of damages depends on how you determine the question of whether there was a fraudulent intention or an honest mistake on the part of the defendant; if he was guilty of artifice, fraud or bad faith, in contracting with the plaintiff, then the plaintiff is not only entitled to compensatory damages, but also to damages arising from the loss of the bargain, or the money she might have derived from the completion of the contract." The learned court affirmed both of these points, adding to the answer to the second point: "And we have already commented on that in the general charge."

Upon a careful examination of the testimony and a large number of decisions upon these questions, we are of the opinion that the case was correctly tried. It is vigorously contended by the appellant that there was no evidence of fraud, deceit or bad faith on his part in contracting as he did without informing the appellee that he had previously conveyed away all of the coal underlying the land. The contention is that because the deed for the coal was upon record when the appellant made the contract in question, there could be no fraud perpetrated upon the other party to it. We think there was sufficient evidence to warrant the court in submitting the question of fraud or bad faith to the jury.

In Pegg v. Rist, 15 W. N. C. 70, in delivering the opinion of the Supreme Court, Mr. Justice TURNKEY (p. 72) said: "No money was payable to Pegg until delivery of the deed, and Wrist was not bound to accept a deed subject to encumbrances not mentioned in the agreement. Ruff's deed was recorded at the time of making the contract, and Wrist might

have seen it, perhaps he did; but it does not appear that he consented to take the land subject to that encumbrance. The vendor was bound by the terms of his contract; if he failed to clear off the encumbrances, he was unable to perform his covenant, and without performance he was not entitled to the purchase money. (Withers v. Atkinson, 1 Watts, 236; Stitzel v. Kopp, 9 W. & S. 29)."

The doctrine of Withers v. Atkinson is that a failure of a vendor to acquaint the vendee with the facts as to encumbrances or defective title, of which the vendor has knowledge, is a fraud. But if it were conceded that the evidence of fraud and deceit was not sufficient to carry that question to the jury, we are not persuaded that the appellant was harmed by it, because there is plenty of clear and pointed evidence sustaining the verdict of the jury on the other ground, to wit: the amount of purchase money paid and interest thereon, and the value of the permanent improvements placed upon the land by the appellee before she elected to rescind the contract. Upon this question the learned court below said to the jury: " We have held, as you have heard after the argument here of counsel, that if there is no fraud or no deceit,—fraud is a generic term used to cover all those practices that one may wrong another by in his property or his legal rights,—then you have nothing to do with the bargain, the value of the bargain these people may have made out of buying these lots and making this improvement; but the question of fraud or deceit in the case or not is for you,—but we do hold that the plaintiff would be entitled to recover here the purchase money paid, with the reasonable cost of the improvements that they put on the land on the strength of having entered into this original contract and entered into possession under it with the knowledge of the defendant."

Inasmuch as the verdict and judgment is not in excess of the money paid by the appellee, and the value of the permanent improvements which she put upon the land, it is not material in the present case on which theory the jury assessed the damages. If based upon the fraud and deceit of the defendant, of which we think there is sufficient evidence, the verdict is not excessive. But there is abundance of authority sustaining a recovery for the money paid and the value of the permanent improvements: Bender's Admr's v. Bender, 37 Pa.

419; Meason v. Kaine, 67 Pa. 126; Rineer v. Collins, 156 Pa. 342; Fry v. Flick, 10 Pa. Superior Ct. 362; McCafferty v. Griswold, 99 Pa. 270; Eberz v. Heisler, 12 Pa. Superior Ct. 388.

The appellee purchased the lots for the purpose of erecting a house thereon, and the house was erected, and the ground for the rescission of the contract was entirely the fault of the appellant. Therefore, we think that when the appellant failed to convey the full title which he had agreed to convey, and the appellee elected to rescind the contract, there is no question about her right to recover the value of the permanent improvements which she put upon the land, with the consent of the defendant, and which go to the defendant with the land on the rescission of the contract: Thuemlar v. Brown, 18 Pa. Superior Ct. 117.

If the defendant had been unable, through no fault of his own, to convey the land to the plaintiff in accordance with the contract, then it must be conceded, under the general rule, that he would not be liable for the value of the improvements placed upon the land by the plaintiff: Tyson v. Eyrick, 141 Pa. 296; Bitner v. Brough, 11 Pa. 127.

But in Bender's Administrators v. Bender, 37 Pa. 419, it is expressly held that: "But damages may be recovered for the breach of it. What damages? Compensation for all that the plaintiff below did in pursuance of the contract, and in satisfaction of his part thereof, and for all permanent improvements made upon the land, in reliance upon the contract, with the knowledge of the defendant, and which the defendant gets the benefit of by taking back the land, deducting the value of the rents and profits of the land during the plaintiff's occupancy."

In Thuemlar v. Brown, supra, we said: "The lessor having rescinded the contract, or rendered himself unable to perform it, may not complain if the lessee; by reason of the breach, was permitted to recover for the costs of the permanent improvements and the cost of removing his machinery placed in the building during the running of his option to purchase."

Whatever difference of opinion may exist in regard to the question of whether or not the plaintiff was entitled to recover the value of the permanent improvements put upon the land, we are clearly of the opinion that there was sufficient evidence

of fraud and deceit, on the part of the defendant, under all of the evidence in this case, to sustain the verdict and judgment. There is no escape from the conclusion that the defendant well knew that he had conveyed away the coal underlying the land in question, and then he undertook to recover from the plaintiff full value for the land in fee simple, without encumbrance or reservation, without disclosing to her the fact that he had previously conveyed a valuable estate in the land. Now if this does not amount to fraud and deceit, we do not know the meaning of the terms. It is true that the deed for the coal was on record, but the plaintiff had a plain, written contract with the defendant, and she had a right to assume that he could and would comply with his contract, and she lost none of her rights by not examining the records for former conveyances by the defendant: Davis v. Monroe, 187 Pa. 212.

The assignments of error are all dismissed and the judgment is affirmed.