## Beran v. Katz.

*Vendor and vendee—Rescission of contract of sale—Down-money—Affidavit of defence.*

1. In an action by the vendee in an executory agreement for the purchase of real estate to recover the down-money, an affidavit of defence is sufficient which avers readiness, willingness and ability to perform by defendants and a refusal to perform by plaintiff.

*Vendor and vendee — Deposit treated as liquidated damages — Counter-claim.*

2. When the vendee has made a deposit with the vendor as liquidated damages in case of his default in the performance of his agreement, the damages recoverable by the vendor are limited to the amount of the deposit, if there is nothing more in the case than non-performance by the vendee; hence, in an action by vendee for the down-money, a counter-claim by vendor for loss of rent and loss upon resale of the premises will be stricken off.

Rule for judgment for want of a sufficient affidavit of defence, and rule to strike off set-off and counter-claim. C. P. No. 5, Phila. Co., June T., 1923, No. 2874.

*O. Rosenbaum,* for plaintiff; *Paul M. Rosenwey,* for defendant.

MARTIN, P. J., Nov. 26, 1923.—The plaintiff claims to recover the amount of two payments made by him under a written contract for the purchase of real estate, averring a breach by defendants and a readiness and willingness to perform upon his part. The affidavit of defence avers readiness, willingness and ability to perform by the defendants, a refusal to perform by the plaintiff, and sets up a set-off and counter-claim for loss of rent and loss upon a resale of the premises for a price less than that contracted to be paid by plaintiff.

The agreement provided for the payment of $200 at signing, "which deposit shall be forfeited to the party of the first part (vendor) as liquidated damages in case of the default of the said party of the second part (vendee) in the performance of the terms of this agreement." This amount was paid as stipulated. After providing for the manner of payment of the balance of the purchase price, the agreement further stipulated that "it is understood that an additional deposit of $100 is to be paid on July 25, 1922." Under the pleadings, it appears that this amount was paid as stipulated.

The plaintiff has taken the rule for judgment for the sum of $100 for want of a sufficient affidavit of defence, and a further rule to strike off the counter-claim and set-off of the defendant.

The contention of the plaintiff is that—conceding a breach by him as set forth in the affidavit of defence—the defendants can only retain the $200

stipulated as liquidated damages for his non-performance under the terms of the agreement, and that he is entitled to judgment for $100, the second payment, with respect to which there was no stipulation that it should be retained as liquidated damages in the event of non-performance by the vendee. While it is true that the defendants have fixed the amount of their damages in the event of a breach of the contract by the plaintiff, the latter, in suing for the return of the purchase money paid, can only sustain his action upon the ground that he was entitled to rescind the contract, that he did rescind, and is, therefore, entitled to a return of the down-money. For the purpose of this rule, under the pleadings, it must be conceded that the averments of default by the plaintiff set forth in the affidavit of defence are true.

In Campbell v. Shrum, 3 Watts, 60, 65, the rule is stated to be that "before one party can rescind the contract, he is bound to show that he did all in his power to complete it, and that the other party is in fault." To the same effect are Stickter v. Guldin, 30 Pa. 114, 115; Crossgrove v. Himmelrich, 54 Pa. 203, 209; Irvin v. Bleakley, 67 Pa. 24, and Boyd v. McCullough, 137 Pa. 7, 17.

Under these authorities, it seems clear that plaintiff cannot rescind where he is in default, and the affidavit of defence sets up default on his part, and he can only recover the amounts paid under the contract upon rescission for some sufficient cause.

The counter-claim is for loss of rent and loss upon a resale of the premises, based upon the alleged breach of the contract by the plaintiff; but there is nothing in the pleadings to take the case out of the general rule that where the vendor has fixed his damages in the event of non-performance by the vendee, he is limited to the amount stipulated. The defendants allege nothing more than non-performance by plaintiff, and this being so, their damages are $200, and there can be no recovery for loss of rent or loss upon a resale of the premises. An additional objection to any claim for loss upon a resale of the premises is that there is no allegation of public sale, nor that the sale was made after notice to the plaintiff.

And now, to wit, Nov. 26, 1923, the rule for judgment for $200 for want of a sufficient affidavit of defence is discharged, and the rule to strike off the set-off and counter-claim is made absolute.