## McGinnis v. Zakour

*David W. Cook*, for plaintiff.

*Scales & Shaw* and *Thomas W. Ceraso*, for defendants.

WEISS, P. J., April 25, 1966.— . . . This is a suit in equity for specific performance of a written option to purchase granted the tenant in a written lease. By a lease dated March 4, 1958, Mr. and Mrs. Charles Zakour leased a property they owned in the Borough of Ligonier to Helen Newlin McGinnis, for a period of 10 years, for her use as a private hospital. In paragraph 9 of this lease, it was provided: "LESSEE shall have the right or option of purchasing the said premises from the LESSORS for the sum of SIXTY THOUSAND AND 00/100 ($60,000.00) DOLLARS at any time during the term of this Lease provided, however, that said LESSEE shall first give the LESSORS ninety (90) days written notice of her intention so to do". Plaintiff having been in possession under a prior lease, then remained in possession under the terms and conditions of this March 1958 lease. In May of 1965, plaintiff exercised this option, and sent due notice thereof to defendants and observed the 90-day period. Plaintiff then continued to pay the monthly installments of rent as before through August of 1965. In August of 1965, plaintiff demanded of defendants a deed for the premises and offered payment in full of the option price of $60,000. The tender was refused and, similarly, defendants refused to give a deed. This litigation thereafter ensued.

The principal argument raised by defendants is that plaintiff's tender of $60,000 was insufficient in amount and that, in addition to the option price, plaintiff owed the additional obligation to pay the remaining monthly installments of rent for the balance of the lease. It is thus argued that plaintiff owed defendants the additional sum of $15,000, which represents $500 per month from September 1, 1965, to March 1, 1968, or

two and one half years. In Master v. Roberts, 244 Pa. 342, 90 Atl. 735 (1914), the Supreme Court of Pennsylvania held:

"The only question about which we have any doubt in this case, is whether any rent was due and unpaid at the time Master elected to exercise his option to pay the purchase price agreed upon and take title to the property. The general rule in such cases is that where the relation of landlord and tenant exists under the terms of a written lease, containing an option to purchase at a stipulated price, which option is properly exercised during the term, the relation of landlord and tenant is thereby terminated, and thereafter the parties stand in the relation of vendor and vendee under the agreement: Newell's App., 100 Pa. 513; Knerr v. Bradley, 105 Pa. 190. It follows that if Master properly exercised his option to purchase, he stood in the relation of vendee under the agreement from the time the contract became mutually binding upon both parties. After that time the relation of landlord and tenant ceased to exist, and the rights of the parties must be determined upon the basis of a contract to sell and convey on one side and to purchase on the other.

"The learned court below found as a fact that the option to purchase was properly exercised, and as a conclusion of law that no rent was due by Master and demandable by Roberts at the time of filing the bill or at the present time. The conclusion of law logically followed the findings of fact which were not assigned as error. The facts having been found against appellant, the above stated rule of law is applicable and nothing further need be said on this branch of the case".

It is, therefore, the opinion of this court that no rent was due by plaintiff or demandable by defendants under the lease for the period from and after September 1, 1965, either in monthly sums or in one lump sum.

The tender of $60,000 was in the amount agreed upon by the parties as the purchase price.

This court heard the testimony of plaintiff, one of the defendants, an officer of Union Title Guaranty Company, and a member of this bar, and heard the arguments of counsel. The testimony and exhibits established that plaintiff had a clear right to the deed and had fully performed her duties under the lease. By the testimony of the officer of Union Title Guaranty Company, it appears that the title of defendants to the premises, when searched, was without liens and encumbrances, and that defendants had the right and ability to convey the premises. Defendants have advanced numerous other contentions in support of their refusal to convey the real estate, all of which are without merit. Under the circumstances presented to this court, defendants' refusal to convey was wholly without justification.

A further question arises due to the failure of the parties to state in the lease their express agreement on the details of settlement if the option would be exercised. We shall, therefore, consider the allocation of ad valorem real estate taxes, realty transfer taxes and Federal documentary stamp tax. In Schermer v. Wilmart, 282 Pa. 55 (1925), the Supreme Court of Pennsylvania had occasion to review a situation somewhat parallel to the instant case. Prevailing custom was there held to control the prorating of ad valorem real estate taxes; the Federal documentary stamp tax was held to be properly imposed on the grantor. In Stefanko v. Reed, 86 D. & C. 145 (C. P. Mercer, 1953), the court decided, on a case stated, that in the absence of express agreement, the Pennsylvania realty transfer tax should be borne by the grantor, even though, as stated in Sablosky v. Messner, 372 Pa. 47 (1952), both parties are liable to see that this tax is paid. Therefore, under the case authority, the Federal documentary

stamp tax imposed by 26 U. S. C. A. §4361 (Cum. Pkt. Pt., 1965), and the Pennsylvania realty transfer tax of one percent of the consideration should be borne by defendants. Plaintiff should bear the one percent local real estate transfer taxes. The ad valorem real estate taxes should be prorated as of September 1, 1965, as this coincides with the cessation of rentals. . . .

## DECREE NISI

And now, to wit, April 25, 1966, upon due and careful consideration of the issues raised, and transcript and exhibits and the briefs and arguments of counsel, it is now ordered, adjudged and decreed as follows:

1. Charles N. Zakour and Amelia P. Zakour, his wife, shall, within 20 days of the date of this decree, execute and deliver to Helen Newlin McGinnis a general warranty deed granting and conveying to said Helen Newlin McGinnis title to that parcel of land situate in the Borough of Ligonier, Westmoreland County, Pa., described hereinabove in finding of fact no. 2, upon the payment by plaintiff to defendants of a sum equal to $60,000 in cash or cash equivalent, as modified by the following: Said $60,000 sum shall be increased by the amount, if any, of ad valorem real estate taxes which by prorating have been paid by defendants for the period of time from and after September 1, 1965, and shall be decreased by an amount equal to the applicable Federal documentary and Pennsylvania realty transfer taxes, the cost, if any, of removing any lien or encumbrance on said premises, and the amount, if any, of ad valorem real estate taxes which by prorating have not been paid by defendants for the period of time to September 1, 1965.

2. The prothonotary is directed to enter this decree nisi and give prompt written notice to the parties to this action, or their respective counsel of record, and if no exceptions are filed to this decree nisi within 20 days after notice of the filing hereof, this decree shall

be entered as of course by the prothonotary as the final decree herein.