## Lebanon Mutual Insurance Co., Plff. in Err., *v.* John Erb.

A judge of this court has power in vacation to grant a rule to show cause why a judgment of *non pros.* should not be taken off.

(Decided November 2, 1885.)

Rule to show cause why judgment of *non pros.* should not be taken off. Discharged.

On February 16, 1885, a writ of error was returned into the supreme court in a case in which the Lebanon Mutual Insurance Company was plaintiff in error, and John Erb was defendant in error, and a judgment of *non pros.* was entered thereon, and the record remitted to the court below. On July 16, 1885, a

Cited in Gazzam v. Reading, 202 Pa. 241, 51 Atl. 1000.

petition was presented to the chief justice of the supreme court, praying for a rule to show cause why the judgment of *non pros.* should not be taken off, and for stay of execution. Such rule was granted.

*Alexander & Brown* and *Adam Hoy* for plaintiff in error.

*Hastings & Reeder* and *John H. Orvis,* for defendant in error, in answer to the rule.—In support of the proposition that this court will not reverse its judgments after the term has ended, and a subsequent term of the court has intervened, the following cases are cited: Washington Bridge Co. v. Stewart, 3 How. 413, 11 L. ed. 658; Martin v. Hunter, 1 Wheat. 304, 4 L. ed. 97; Browder v. M'Arthur, 7 Wheat. 58, 5 L. ed. 397; The Santa Maria, 10 Wheat. 442, 6 L. ed. 361; Sibbald v. United States, 12 Pet. 492, 9 L. ed. 1169; Himely v. Rose, 5 Cranch, 313, 3 L. ed. 111; Jackson v. Ashton, 10 Pet. 480, 9 L. ed. 502.

The United States Supreme Court has no power to review its decisions, whether in a case of law or equity. A final decree in chancery is as conclusive as a judgment at law. The want of power in this court to review its judgments or decrees has been so frequently determined by it, that it is not now an open question.

No principle is better settled, or of more universal application, than that no court can reverse or annul its own decrees or judgments, for errors in law or fact, after the term in which they are rendered, unless entered by mistake of the clerk. The Supreme Court of the United States cannot reverse its own decisions. They are conclusive on the rights of the parties. Poole v. Nixon, 9 Pet. 771, 9 L. ed. 305; Medford v. Dorsey, 2 Wash. C. C. 433, Fed. Cas. No. 9,389; Cameron v. M'Roberts, 3 Wheat. 591, 4 L. ed. 467; Jackson v. Ashton, 10 Pet. 480, 9 L. ed. 502. See also The Palmyra, 12 Wheat. 10, 6 L. ed. 534; Martin v. Hunter, 1 Wheat. 355, 4 L. ed. 110; Sibbald v. United States, 12 Pet. 492, 9 L. ed. 1169; Wallis v. Thomas, 7 Ves. Jr. 293; Newhouse v. Mitford, 12 Ves. Jr. 456; 1 Story, Pr. 310; 2 Smith, Ch. Pr. 14; Jackson *ex dem.* Colden v. Brownel, 3 Johns. 140; Kilpatrick v. Rose, 9 Johns. 78.

Where a cause has been finally disposed of here (United States Supreme Court) by the dismissal of the writ of error, this court has no power at a subsequent term to alter its judgment to

one of affirmance.    Schell v. Dodge, 107 U. S. 629, 27 L. ed. 601, 2 Sup. Ct. Rep. 830.    See also Mathers v. Patterson, 33 Pa. 485; Ullery v. Clark, 18 Pa. 148; Pittsburgh, Ft. W. & C. R. Co. v. Evans, 53 Pa. 250; Hill v. West, 4 Yeates, 385.

A year after judgment was entered on a verdict, the court allowed an amendment in the name of the defendants to be made. It was held that such amendment was not within the acts of assembly.    Pittsburgh, Ft. W. & C. R. Co. v. Evans, 53 Pa. 250.

A justice of the peace cannot meddle with or disturb a judgment entered by him, except in the three instances allowed by the acts of assembly.    Lawver v. Walls, 17 Pa. 76; Stockdale v. Campbell, 1 Phila. 520.

PER CURIAM:

It was clearly within the power of any judge of this court, in vacation, to grant this rule.

It is not the exercise of original jurisdiction.    The record having been before us gave to the court or a judge thereof, the right to take an initiatory step towards reviewing the accuracy of the judgment of *non pros.*    To make that effective, the right to stay execution is necessarily incident thereto.    Regularly, a special certiorari should issue for the return of the record.    As, however, on hearing, we see no sufficient cause for taking off the *non pros.* the return of the record is now unnecessary.

Rule discharged, at the cost of the plaintiff.