## Mitchell *v.* Jodon, Appellant.

*Appeals—Assignments of error—Practice, Superior Court.*

Where all the assignments of error relate to instructions of the court at the trial, but none of them quote totidem verbis the portions of the charge or the points and answers referred to, the appeal will be quashed.

Error cannot be assigned of what was not said· by the judge below without a request so to charge.

*Contract—Husband and wife—Ratification.*

Where a husband makes an agreement with contractors who are building a house for his wife, for certain additional and independent work on the premises, and there is evidence that the wife ratified the .agreement, and promised to pay for it, a verdict against the wife in favor of the contractors will be sustained.

Argued Oct. 14, 1902.　Appeal, No. 72, Oct. T., 1902, by defendant, from judgment of C. P. No. 3, Phila. Co., Sept. T., 1895, No. 568, on verdict for plaintiff in case of John Mitchell and William J. S. Mitchell, trading as John Mitchell & Son, v. Sarah J. Jodon.　Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ.　Affirmed.

Assumpsit upon a contract for goods sold and delivered. Before McMICHAEL, J.

At the trial it appeared that John Mitchell had a written contract with defendant to build a house.　During the progress of the building, defendant's husband ordered certain independent and additional work to be done.　Defendant made no objection to this, and subsequently promised to pay for the additional work.

Verdict and judgment for plaintiff for $187.52.　Defendant appealed.

*Errors assigned* were as follows :

1. The learned court erred in instructing the jury in substance that while if the verbal contract was made with John Mitchell he cannot recover but is bound by his written contract, but if the verbal contract was made with John Mitchell & Son they can recover.

2. The learned court erred in not holding that if John

304, (1903).] Assignment of Error—Opinion of the Court.

Mitchell & Son did the work of repairing and rebuilding the house of the defendant, at No. 1024 Vine street, under the written contract with John Mitchell, they were bound by the terms of the written contract as to alterations and additions to and deductions from the contract price the same as if the written contract had been made with John Mitchell & Son.

3. The learned court erred in submitting to the jury the question as to whether the verbal contract was with John Mitchell or John Mitchell & Son ; and

4. The learned court erred in submitting to the jury the question of Mrs. Jodon's ratification of the contract.

*Carrie B. Kilgore*, for appellant.

*Wayne P. Rambo*, with him *Ormond Rambo*, for appellees.

Opinion by Beaver, J., November 19, 1902 :

Our Rule No. 15 is founded upon reason, and the observance of it in assigning errors is essential to a proper understanding of the questions to be brought before us. The rule is : " When the error assigned is to the charge of the court or to answers of points or to findings of fact or law, the part of the charge or the points and answers or findings referred to must be quoted totidem verbis in the assignment."

All the assignments of error contained in the plaintiffs' paper-book violate this rule.

The first, third and fourth, relating to instructions to the jury, contain no part of said instructions as they were given. The first charges the court with error " in instructing the jury in substance," etc. ; the third, " in submitting to the jury the question," and the fourth is of the same character. It is very clear that we cannot consider the conclusions at which counsel may arrive or their allegations as to what the instructions of the court were. They must be set out, as the rule requires, totidem verbis.

The second charges the court below with error " in not holding," etc. It was held in Burkholder et al. v. Stahl, 58 Pa. 371, that error cannot be assigned of what was not said by the judge below, without a request to so charge. See also Fry v. Flick, 10 Pa. Superior Ct. 362. Appellant's points for charge were all affirmed.

All of the assignments of error being in flagrant violation of our rule, the appeal must be quashed.

Appeal quashed.

After the foregoing opinion was rendered, upon petition the appeal was reinstated by the court, and considered upon its merits and the following opinion rendered therein.

OPINION BY BEAVER, J., March 12, 1903:

For equitable reasons which appealed to a majority of the court, the appeal in this case was reinstated and is now considered upon its merits as if the assignments of error had been properly set forth in accordance with our rules.

The contract under which the work done, as set forth in the statement, was not for extra work in and about the construction of the house, for the erection of which John Mitchell made his contract with the defendant, but was for grading, gas fixtures, fixing hydrant and other repairs entirely independent of the building contract. It was a separate and distinct undertaking made with the plaintiffs by the agent of the defendant, as found by the jury, and as to which there was sufficient evidence to support the verdict.

There was also evidence of the acquiescence of the defendant which was for the jury. There was no variance between the proof of the plaintiff that the defendant had ratified the contract and the general allegation contained in the statement " that the defendant, although requested so to do by the plaintiff, has always refused and now refuses to pay," etc. The admission of an obligation to pay and the refusal to comply with the obligation are entirely consistent with each other.

The evidence as to the agency of the defendant's husband, as shown by his acts, and of the subsequent ratification of the contract which he was alleged to have made, by the defendant, was for the jury and was properly submitted, and, there being no fatal variance between the allegations of the plaintiff's statement and the proofs, we see nothing in the case which would justify reversal.

Judgment affirmed.