# Williamsport National Bank to use *v.* Kreamer, Appellant.

*Judgments—Opening judgment—Rules of court—Practice, C. P.*

An order opening a judgment of non pros. entered under rules of court for failure to file a statement of claim within one year will not be reversed on appeal where it appears that the rules of court under which the judgment was entered provide that judgments by default may be opened " at the discretion of the court, when deemed necessary for the purpose of justice."

Argued Jan. 9, 1911. Appeal, No. 286, Jan. T., 1910, by defendant, from order of C. P. No. 3, Philadelphia Co., March T., 1909, No. 4080, opening judgment of non pros. in case of Williamsport National Bank, to the use of John H. Hunt v. C. F. Kreamer. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN and MOSCHZIS-KER, JJ. Affirmed.

Rule to strike off judgment of non pros.
The opinion of the Supreme Court states the case.

*Error assigned* was in opening judgment.

*J. Frederick Martin*, with him *G. Von Phul Jones*, for appellant.

*Boyd Lee Spahr*, with him *William Russell Deemer* and *Ellis Ames Ballard*, for appellee.

PER CURIAM, February 27, 1911:

This appeal is from an order opening a judgment of non pros., entered under the rules of court for the failure of the plaintiff to file a statement of claim within one year of the return day of the writ. The judgment was entered without notice on the first day after the expiration of the year. The statute of limitations would be a bar to a new

action on the claim. The rules of court under which the judgment was entered, provide that "Judgments by default may be set aside or opened at the discretion of the court, when deemed necessary for the purpose of justice," and that the court may enlarge the time to declare or plead on cause shown. There is therefore, no question of the construction of a rule of court, for there is nothing to construe, nor of the violation by a court of its rule for there was no violation. The matter was within the discretion of the court.

The order is affirmed at the cost of the appellant.