McFadden *v.* Pennzoil Company, Appellant.

Argued March 23, 1937. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*A. B. Jobson,* of *Breene & Jobson,* for appellant.

*S. N. Mogilowitz,* of *Skelly & Mogilowitz,* with him *Albert L. Thomas* and *G. G. Martin,* for appellee.

OPINION BY MR. JUSTICE DREW, April 19, 1937:

Counsel for plaintiff in this case, without filing a statement of claim, issued on July 19, 1933, a writ of summons in trespass for personal injuries, returnable on the first Monday of August, 1933. The writ was served on defendant on July 21, 1933, and eight days later it entered an appearance. Nothing further was done on either side until October 2, 1935, when defendant's attorneys, without notice to plaintiff or his counsel, filed with the prothonotary a præcipe for the entry of judgment of non pros. for failure to file a statement of claim within thirty days of the return day of the writ, as required by a rule of court. Judgment against plaintiff was accordingly entered of record.

On October 14, 1935, plaintiff's counsel moved for a rule to show cause why the judgment should not be stricken off. The rule was granted, and was set for argument on a certain day. On that day defendant filed an answer to the rule to the effect that it was not liable on the alleged cause of action, but that another was solely liable, and that inasmuch as it was now too late to make the other a party by *scire facias* the rule ought to be discharged. After argument the rule was made absolute and plaintiff was granted ten days to file a statement of claim, which he did. Defendant filed an affidavit of defense, but later took this appeal from the order making absolute the rule to strike off the judgment.

Assuming defendant has not, by pleading to the merits, waived its right to appeal from the order, we cannot see that any harm was done defendant in making that order. There was no abuse of discretion. The court's action was a matter within its sound discretion *(Williamsport National Bank v. Kreamer,* 230 Pa. 515) and will not be reversed unless abuse appears affirmatively

on the record *(International Harvester Co. v. Miller,* 51 Pa. Superior Ct. 324) to the substantial prejudice of the defendant: *Kulp v. Lehigh Valley Transit Co.,* 81 Pa. Superior Ct. 296.

The judgment was stricken off pursuant to Rule 167 of the Common Pleas Court of Venango County, which provides for such action, but requires the plaintiff's motion to be accompanied by an affidavit of reason and excuse for the delay. The motion was not so supported. Objection is now raised to plaintiff's failure to aver reasons entitling him to relief. However, it appeared to the satisfaction of the court that the delay was by reason of counsel's bad health and oversight, not the neglect of the plaintiff himself, and that injustice would result from failure to strike off the judgment. This court is quite reluctant to foreclose a party because of the failing of his counsel *(National Finance Corp. v. Bergdoll,* 300 Pa. 540) when obvious injustice will be done.

Moreover, a trial court has a wide power to construe its own rules *(Commonwealth v. Morgan,* 280 Pa. 67; *Mittin Brothers v. Bass,* 84 Pa. Superior Ct. 298) to determine whether they are to be rigidly enforced *(Smith v. Ellwood City Ice Co.,* 311 Pa. 147) or even to suspend them *(Newman v. Globe Indemnity Co.,* 275 Pa. 374, 380), when its action does not prejudice the party seeking to invoke them.

In the instant case the only substantial reason advanced here or below in opposition to the rule to strike off the judgment is that it came too late for defendant to bring in by *scire facias* another alleged to be solely liable. If that other is responsible it is to plaintiff's disadvantage only; defendant can still prove itself not liable. Moreover, plaintiff might have waited until the very close of the statutory period to issue his writ, and might then have filed the statement of claim within the following thirty days as required by the rule which would have left defendant in an identical situation. It

could not have objected to that. Since it has not been prejudiced by the action of the court it has no standing to complain.

Order affirmed.