## Federico et ux. v. City of Philadelphia et al.

*Samuel Halbert*, for plaintiffs.

*Arthur Littleton* and *Frank Carano*, for defendants.

OLIVER, P. J., December 3, 1940.—This matter comes before the court on petition of the additional defendant to strike off plaintiffs' supplementary statement, because it was filed after the 20-day period specified in Pa. R. C. P. 2258, and plaintiffs' answer, averring that no notice requiring such a statement to be filed within 20 days was endorsed on the copy of the answer filed by the additional defendants to the petition of the City of Philadelphia to join it as an additional defendant; and that sections (*a*) and (*c*) of Pa. R. C. P. 2258 are unconstitutional; and asking that the court consider the answer as

a request to extend the time for filing the supplementary statement.

At the argument, counsel for plaintiffs frankly stated that the failure to file the supplementary statement within the 20-day period has been due to an oversight on his part, arising out of the newness of the Rules of Civil Procedure and the fact that there was no endorsement on the answer of the additional defendant calling his attention to the number of days within which his answer must be filed. He asked that his client should not be penalized because of this oversight, particularly in view of the fact that the Act of June 21, 1937, P. L. 1982, authorizing the adoption of the rules, expressly provided that they should not affect any statute of limitations.

We are disposed to relieve plaintiffs from the consequences of what, under the circumstances, appears to have been an understandable and excusable oversight of their counsel. Clearly, plaintiffs were not at fault and grave injustice would result if relief were refused. In this course we follow the Supreme Court which, in McFadden v. Pennzoil Co., 326 Pa. 277, 279, in an opinion by Mr. Justice Drew, held:

"This court is quite reluctant to foreclose a party because of the failing of his counsel . . . when obvious injustice will be done."

Rule 126 of the Rules of Construction of the Pennsylvania Rules of Civil Procedure provides:

"The rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. The court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties."

It should also be noted that Rule 2258, in connection with the phrase "unless the court shall extend the time for filing", does not specify when the application for extension should be made, whereas Rule 2253, in using the

same phrase, adds the clause, "upon application made prior to the expiration of the sixty days' period . . ." This difference in phraseology apparently gives the court a freedom to exercise its discretion, in connection with the granting of an extension under Rule 2258, which it might not have in connection with a request arising under Rule 2253.

In view of the above, it is unnecessary to pass upon the several questions raised by the petition and answer.

### Order

And now, to wit, December 3, 1940, the time for filing plaintiffs' supplementary statement is hereby extended retroactively to September 14, 1940, the day upon which such statement was filed and the additional defendant's rule to strike off plaintiffs' supplementary statement is discharged.

The additional defendant is hereby granted 15 days from notice of this order in which to file a reply to such supplementary statement.