## Pinsky v. Master, Admx., et al.

*A. A. Wasserman,* for plaintiff.

*Frank R. Ambler,* for defendant.

*Thomas E. Comber, Jr.,* for additional defendant.

SLOANE, J., February 28, 1941.—In this proceeding, plaintiff seeks permission to file a supplementary statement of claim against both additional defendants, months after the 20-day period provided in Pa. R. C. P. 2258.

Following plaintiff's institution of this suit in trespass for negligence, defendant joined two additional defendants under the provisions of rule 2252.

On August 2, 1940, one of the additional defendants, Goldstein's Fruit & Produce, Inc., filed an answer to the petition effecting its joinder. The answer was served on plaintiff the same day; plaintiff has filed no supplementary statement of claim. Additional defendant Ford never did file an answer.

On February 17, 1941, more than six months later, plaintiff issued the present rule and petitioned for leave to file a supplementary statement. The only reason assigned for the delay in filing this supplementary statement is inadvertence of counsel.

Pa. R. C. P. 2258 provides: "A plaintiff desiring to assert a claim against an additional defendant shall file a supplementary statement of his cause of action against such additional defendant within twenty days after service upon the plaintiff of a copy of the answer of the additional defendant, unless the court shall extend the time for filing such supplementary statement upon cause shown."

Two cases have expanded upon the time limitation in this rule. Plaintiff's counsel looks to these cases for relief in his case. One is a decision by Judge Oliver in Federico et ux. v. City of Philadelphia et al., 40 D. & C. 159; the other is a decision by Judge Smith in a like situation in Stansfield v. Vanbelle et al., 40 D. & C. 10. In each of these cases permission was granted to file a supplementary statement beyond the 20-day period. If the present circumstances were similar, we would do likewise, for we, too, are "quite reluctant to foreclose a party because of the failing of his counsel": McFadden v. Pennzoil Co., 326 Pa. 277, 279 (1937). But the attendant facts here are of different degree.

First, the time following the 20-day period provided in rule 2258 which the plaintiffs in the two cases cited permitted to elapse before they took steps to file supple-

mentary statements of claim was approximately two months. Plaintiff's counsel was unwary for six months.

Again, the material factor which moved the court in each of the above cases to exercise its discretion in favor of the respective plaintiffs was the comparative newness of the procedural rules and the consequent unfamiliarity of counsel with them. By this time, that reason is tenuous. It is a fact that the answer of the additional defendant in the present case was filed only about a month after those filed in the two cited cases. But it took counsel for the present plaintiff more than three times as long as counsel in the above cases before he acted to cure his oversight.

The opinions in the two decisions relied upon by plaintiff were filed early in December 1940, and the bar got quick and ample notice of their issuance. Plaintiff's counsel, nevertheless, failed to heed the warning of these opinions until two months more had gone by. Judge Smith gave it aptly, in the Stansfield case (p. 13) :

"While we use our discretion and in this case will make plaintiff's rule absolute because we believe that this is the first time that the penalty of the rule has been called into being, *nevertheless, we believe that the various pleadings should be filed and served within the time limits set by the rules and we therefore call the bar's attention to these rules in order that in the future a like condition may not arise where we will be called upon to grant relief due solely to the inadvertence of counsel or his unfamiliarity with these rules.*" (Italics supplied.)

It is not a thin line that we draw here. Nor is our result a severity of technicality. But we cannot see a way to excuse plaintiff's counsel, unless his excuse has reason. The order of the Supreme Court adopting rule 2258 (with many others) was made almost two years before this petition was filed. The rules were effective September 4, 1939, a year and a half ago. They were printed in the bound reports of our Supreme Court decisions: 332 Pa. CXXX. They were issued in printed form some time ago and were, and are, available to any attorney. Discretion,

if it is truly discretion, must end somewhere lest it become sheer sympathy. If we grant this rule we synonymize inadvertence with delay, and do away with time limitation. If we give permission here we can refuse hardly anyone.

We make no ruling as to defendant Ford. He did not file an answer to the petition to join him as defendant; his status is not the same.

This rule is discharged.