Sobai *v.* Sobai, Appellant.

Argued December 14, 1945. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Albert S. Oliensis*, with him *Philip Stern*, for appellant.

*Herman A. Becker*, for appellee.

OPINION BY HIRT, J., January 18, 1946:

In this divorce action the lower court, when the case was first before it, sustained exceptions to the Master's report and dismissed the libel on November 18, 1942. In libellant's appeal to this court from that decree, we entered an order of non pros. on September 28, 1943, for want of due prosecution. On October 11, 1943, the record with our order was remitted to the lower court. On July 14, 1944, upon petition of libellant, convincing us that an injustice had been done, we referred the case back to the lower court "for the purpose of taking such additional testimony as the lower court shall deem necessary to complete the libellant's case." Further testimony was then taken before all of the judges of the lower court en banc, whereupon the former order dismissing the libel was vacated and the court was unanimous in entering a final decree of divorce on March 5, 1945. Respondent appealed from this decree and from an order directing him to pay additional counsel fees and costs.

Respondent contends that the order dismissing the libel in November 1942 was a final order and that the lower court was without authority, to reopen the case at a subsequent term, to order respondent to pay additional counsel fees and costs and to enter a decree of divorce. The real ground for complaint, if any, is our order referring the case back for further proceedings. The lower court did not reopen the case except upon order of this court; it merely submitted to us in complying with our order. The responsibility for error, if any, therefore is ours.

The merits of the case, by sheer weight, are undoubtedly with libellant. We have read the testimony taken before the master and we agree with him that libellant there supported the charges of indignities and desertion by clear, credible and convincing evidence. And after considering the additional testimony, there can be no vestige of doubt that libellant has made out a case on both grounds. Her failure to prosecute her appeal was satisfactorily explained and, to right a wrong, we made the order in question.

There is authority for our action in the broad powers given us by statute in the Act of June 24, 1895, P. L. 212, §8, par. 8, 17 PS 192, which provides that this court "may affirm, reverse, amend or modify any order, judgment or decree as it may think to be just, or it may return the record for further proceedings in the court below." But we need not invoke the statute for authority in disposing of these appeals.

Generally a judgment of non pros. is not a bar to a subsequent action (*Murphy v. Taylor,* 63 Pa. Superior Ct. 85) and the common pleas, if application is made with reasonable promptness, may in its discretion upon sufficient cause strike off a non pros. previously entered and reinstate the action. *Kulp v. Lehigh Val. Transit Co.,* 81 Pa. Superior Ct. 296; *McFadden v. Pennzoil Company,* 326 Pa. 277, 191 A. 584; *Kelchner's Estate,* 326 Pa. 472, 192 A. 666; *Bucci v. Detroit F. & M. Ins. Co.,* 109

Pa. Superior Ct. 167, 167 A. 425. In *Hale v. Uhl,* 293 Pa. 454, 143 A. 115, it was recognized that an application to strike off a judgment of non pros. is an appeal to the equitable powers of a court, although the Supreme Court in that appeal sustained the lower court in its refusal to take off a non pros. because of petitioner's unreasonable delay in making the application.

The effect of our order directing further proceedings was to reinstate the first appeal in this case for that purpose, looking toward an ultimate review of the case on the merits. This we may do. In *Mitchell v. Jodon,* 22 Pa. Superior Ct. 304, an appeal to this court was quashed on November 19, 1902. "For equitable reasons" the appeal was reinstated and by opinion filed March 12, 1903, judgment for plaintiff entered below was affirmed. A petition to open a judgment, equitable in nature, may be granted if supported by such grounds as would justify a chancellor in entering a decree. This principle is applicable to divorce decrees and proceedings, supporting our action here. *Nixon v. Nixon,* 329 Pa. 256, 198 A. 154. The delay of ten months after the entry of non pros. and libellant's petition to take it off does not necessarily oust our power to grant the relief prayed for. There is precedent for the procedure in at least one case in the Supreme Court. In *Lebanon Mut. Ins. Co. v. Erb,* 1 Sadler 187, judgment of non pros. was entered by the Supreme Court in an appeal on February 16, 1885. Five months later a rule was granted, on petition, to show cause why the judgment should not be taken off. It was held that, since the record had been before the Supreme Court it had the right "to review the accuracy of the judgment of non pros." In our view, libellant's delay in the present case, excusable under the circumstances, did not affect our authority to grant the relief prayed for, to prevent a permanent injustice.

The lower court had the equitable power to require respondent to pay additional counsel fees and costs after the record was referred back to it. Such order may be

made even after an appeal to this court from a final decree of divorce. *N. S. White v. Beatrice M. White,* 106 Pa. Superior Ct. 80, 161 A. 463. And the court cannot be charged with an abuse of discretion in exercising its authority under the circumstances of this case. True, the case was not remitted because of any act of the respondent but we are satisfied also that libellant's rights were not foreclosed by any default of hers. Moreover, in fixing the amount of the order, the court undoubtedly took into consideration the fact that an automobile owned by respondent and the house in which he continued to live, following the separation, from which he received substantial income in rents, had been bought by the libellant from her separate earnings.

Decree and order affirmed.