## Snyder v. Snyder

*Stanley V. Printz*, for libellant.
*Daniel M. Garrahan*, for respondent.

DIEFENDERFER, J., March 24, 1947.—Harry A. Snyder, libellant, filed his libel in divorce against Elvira J. Snyder, respondent, on July 11, 1944. On July 24, 1944, respondent was granted a rule on libellant to show cause why an order should not be made upon him for alimony pendente lite, counsel fees and costs. An answer thereto was filed on October 10, 1944. On December 10, 1945, the rule was disposed of by stipulation by libellant's counsel and respondent's counsel. This stipulation inter alia contained the following: That libellant should pay "the sum of seventy-five dollars ($75) as counsel fees in lieu of the entry of a rule absolute upon the rule heretofore granted; that said sum of seventy-five ($75) shall be for all services now or to be rendered by said D. M. Garrahan, Esquire, in behalf of respondent in this divorce proceeding. . . ." This stipulation was approved December 18, 1945.

A master was later appointed on June 14, 1946. Notes of testimony were taken at the hearing and libellant, during said hearing, refused to be cross-examined by respondent's attorney. On July 8, 1946, the master filed his report dismissing the libel. On November 26, 1946, libellant filed his petition praying for a rule to show cause why petitioner should not be permitted to reopen and continue the above case. On December 18, 1946, a petition was presented praying for counsel fees and costs on behalf of respondent. On December 23, 1946, the rule to open and continue the case was made absolute and on January 15, 1947, an

answer to the petition for counsel fees and costs was filed. On March 6, 1947, depositions were taken. The case then came up for argument on March 17, 1947.

The basis of libellant's position in this matter is solely the interpretation of the stipulation wherein respondent's counsel agreed upon the payment to respondent of $75 that all services now or to be rendered by the said D. M. Garrahan, Esq., on behalf of respondent in this divorce proceeding would be paid for. The stipulation also contained a provision that in the event of an appeal to the Superior or Supreme Court respondent should then be at liberty to apply to the proper court for additional fees.

It has been the practice to allow the sum of $75 as counsel fees in practically all ordinary divorce cases in Lehigh County. The stipulation as drawn was undoubtedly based upon the fact that in the ordinary divorce case this fee would be considered adequate, and it was undoubtedly drawn pursuant to that custom and in the amount ordinarily paid. The attorney for respondent represented her in the normal and usual course of this divorce case. He was present at the hearing before the master, represented respondent during the entire course of this proceeding and then was prepared to cross-examine libellant when libellant refused to be cross-examined. Apparently, there was no further testimony taken. The master filed his report dismissing the libel. This ordinarily ends the services of the attorney for respondent. And especially in this case where the libel was dismissed, the usual services rendered by the attorney for respondent were completed.

A few months later, libellant, probably realizing the result of his own actions, filed a petition to reopen the case and now resists payment of additional counsel fees to respondent. The court is clearly of the opinion that in interpreting the stipulation and agree-

ment of counsel the sum of $75 was for the ordinary and usual course of services rendered in a divorce action; that the ordinary course had been pursued and completed insofar as respondent and her attorney were concerned.

Libellant now, after the libel was dismissed by the master, desires to reopen the case and again proceed and go through the same routine necessary for a new case. Naturally, the attorney for respondent desires to be paid if further services are to be rendered. The $75 as stipulated was based upon ordinary services. The reopening of the case required additional services not contemplated for by the stipulation and, therefore, the court is of the opinion that libellant, himself, is responsible for the reopening of the case and should be held accountable for additional legal services required by respondent.

In a recent case, Sobai v. Sobai, 158 Pa. Superior Ct. 494, it was held that the lower court has the equitable power to require a respondent in a divorce proceeding to pay additional counsel fees and costs after the record has been referred back to it by the appellate court. The instant case is analogous thereto. Libellant is indeed fortunate that the court permitted him to reopen the case to again proceed in the regular manner. It is argued by libellant that having stipulated specifically that $75 should cover all services in this divorce proceeding, he should be bound by that stipulation and numerous cases have been cited by libellant in support of his contention. The court, however, feels that the stipulation did not contemplate a reopening of the case after the libel had been dismissed by the master.