## Rosenberg's Estate

Before Van Dusen, P. J., Sinkler, Klein, Bolger, Ladner and Hunter, JJ.

*Clelland L. Mitchell* of *Swartz, Campbell & Henry,* for petitioner.

*John J. McCreesh, Jr.,* and *James P. McCormick,* for respondent.

LADNER, J., November 21, 1947.—This is a petition by the executrix under the will of Joseph Rosenberg, deceased, joined in by certain other parties in interest, praying that the appeal of Percy Rosenberg from the decree of the register of wills, admitting decedent's will to probate, be dismissed for lack of prosecution and laches. An answer was filed, and the matter comes before us on petition and answer.

From the pleadings it appears that decedent died April 18, 1943. His alleged last will was probated November 4, 1943, and the appeal therefrom was filed in this court June 16, 1944. No petition for citation sur appeal as required by local rule 10(a) was presented to the court until April 18, 1947. No citation was then allowed because not all of the possible parties in interest were named in the petition. The petition was returned to counsel for correction. Counsel for appellant was unable to complete his search for names and addresses of the grandsons and possible great-grandsons who were the missing parties in interest until September 12, 1947, when the corrected petition was filed and citation duly allowed. In the meantime, on August 14, 1947, the citation on the present petition, praying for dismissal of appeal, was allowed.

Local rule 10(a) requires the petition sur appeal from the register to be filed "promptly" and an unexplained delay of nearly three years can certainly not be considered prompt. But here it is explained that the original counsel for the appeal died February 10, 1946, and presumably he must have been ill for some time before that date. Thereafter the present counsel were employed who, four months before the petition to dismiss was filed, sought to perfect the appeal with the result hereinbefore mentioned.

Where a delay of a year or more is the fault of the parties in interest, we would not hesitate to dismiss an appeal on application of the party aggrieved, but we are, and should be reluctant to do so where the delay is due to illness, death of counsel, or circumstances which the parties cannot control: Kelchner's Estate, 326 Pa. 472; McFadden v. Pennzoil Co., 326 Pa. 277. In such case we think it the better practice to refuse the petition to dismiss on terms of prompt procedure thereafter, as was done in Hoopes' Estate, 23 Dist. R.

249; Alleman's Estate, 25 D. & C. 542, and cases there cited.

Had the executrix's petition been presented before appellant's effort to comply with our rules, we might have held differently. However, in the circumstances recited, we dismiss the petition with leave to proponents of the will to file their answer to the petition sur appeal within 10 days from the filing of this opinion, and appellant is directed to file his replication within five days thereafter.

Petition is dismissed.