## Manning et al. v. Barnard Homes, Inc., et al.

*Duffy, McTighe & McElhone,* for plaintiff.
*Ginsburg & Weisberg,* for defendant.

FORREST, J., June 15, 1954.—In this action in assumpsit a judgment by default was entered on October 3, 1952, against Barnard Homes, Inc., one of the defendants. Sidney Lupowitz, who is not a party to the action, has filed his petition for leave to open the judgment. The matter is before us on petition and answer, there being no depositions. Under Pa. R. C. P. 209(*b*) and Rule 24(3) of Rules of Court of Common Pleas of Montgomery County, the allegations of the petition which are not denied by averments of fact responsive to the petition and properly pleaded in the answer and which, therefore, are deemed admitted for present purposes, set forth that Sidney Lupowitz was one of the former stockholders, directors and officers of corporate defendant and he is acting in their behalf; that Barnard Homes, Inc., was incorporated under the laws of the Commonwealth of Pennsylvania; that it engaged in the building business; that on January 31, 1949, it executed a certificate of election to dissolve and this certificate was approved and filed with the Department of State, Harrisburg, Pa., on February 3, 1949; that on September 30, 1949, the corporation executed articles of dissolution which were filed and approved by the Department of State on October 26, 1949; that on June 9, 1950, when this action in assumpsit was instituted, petitioner was one of the four shareholders of the corporation; that Ernest Dubin, the other defendant, died on June 10, 1952; that on June 21, 1950, Foulke, Foulke & Knight entered

an appearance on behalf of all of defendants; that said attorneys prepared an answer to the complaint which was signed by Dubin individually who returned same to defendants' counsel with a letter reading in part as follows: "As to Barnard Homes, Inc., it is my understanding that the attorneys for the plaintiffs have agreed to take a voluntary non-suit. I should like you to obtain an agreement from them to that effect at this time"; that an answer was never filed on behalf of Barnard Homes, Inc., for the reason that the officers, directors and stockholders of the corporation believed that plaintiffs had abandoned the action with reference to the corporation, and intended to pursue the action against Dubin alone; that plaintiffs and defendants alike believed that, by reason of the dissolution of the corporation before the institution of suit, there was no need to file an answer on behalf of the corporation; that the case was listed for trial on several occasions, but was never tried; that instead, on October 3, 1952, plaintiffs entered judgment against defendant corporation for want of an answer and damages were assessed in the sum of $1,758.09, without notifying the corporation or any of its shareholders or officers that such judgment was to be entered; that on May 6, 1953, plaintiffs instituted an action in equity in this court against Joseph Lupowitz, Sidney Lupowitz, Emanuel Lupowitz and Harold B. Lupowitz, as surviving directors of defendant corporation, averring that plaintiffs' action in assumpsit against the corporation had been brought within the period permitted by section 1111 of the Business Corporation Law of May 5, 1933, P. L. 364, 15 PS §2852-1111; that judgment had been obtained therein, and that plaintiffs were unable to obtain satisfaction of their judgment because, although having notice of the corporate indebtedness to plaintiffs before the date of corporate dissolution, the directors, nevertheless, distributed the

corporate assets to themselves, the sole shareholders, without making adequate provision for payment of plaintiffs' claim; that in the equity suit plaintiffs ask the court to order the stockholders to return sufficient of the assets received in distribution from the dissolved corporation to that corporation, to satisfy plaintiffs' judgment; that petitioner, Sidney Lupowitz, did not learn of the entry of default judgment against the corporation until he was served with the complaint in equity on May 6, 1953.

Petitioner has submitted a proposed answer to the complaint in assumpsit. If credible evidence were submitted in support of the averments of the proposed answer and if such evidence were believed by a jury it would constitute a full and complete defense; however, the possible existence of such a defense is only one of several factors to be considered.

"An application to open a judgment is an equitable proceeding, governed by equitable principles, addressed to the sound discretion of the court": Planters Nut and Chocolate Company v. Brown-Murray Co., Inc., 128 Pa. Superior Ct. 239, 244 (1937); Williamsport National Bank to use v. Kreamer, 230 Pa. 515; McFadden v. Pennzoil Co., 326 Pa. 277, 278; Horning v. David, 137 Pa. Superior Ct. 252, 254 (1939).

If the directors and sole shareholders, with notice of plaintiffs' claim, arranged for and accepted a distribution of all of the corporate assets among themselves individually, as alleged in the complaint in equity, they do not come into this court with clean hands in asking that the judgment be opened.

"As said by Rice, P. J., in Binkley v. Nolt, 46 Pa. Superior Ct. 531, 'It is a maxim, that he who comes into equity must do so with clean hands. . . . This principle is of general application, and is enforced nowhere more rigidly than where the equitable juris-

diction of the common-law courts to open their judgments is involved' ": Italian Co-operative Banking Association v. La Spada, 58 Pa. Superior Ct. 576, 577 (1914).

See also Black et al. v. Hoffman et al., 312 Pa. 89, 92 (1933) ; Hick v. Peoples-Pittsburgh Trust Company et al., 340 Pa. 248, 252 (1940), and 7 Standard Pa. Practice 48.

Liability may be imposed on shareholders of a liquidated corporation who by agreement divide the assets pro rata among themselves without making adequate provision for corporate creditors, and a bill in equity is the usual procedure: Mount Union Borough v. Kunz et al., 290 Pa. 356, 362 (1927). The property of a corporation is a trust fund for the payment of debts and the holders of such property take it charged with a trust in favor of creditors which a court of equity will enforce, at least as long as the property has not passed into the hands of bona fide purchasers: Mott v. Pennsylvania Railroad Co., 30 Pa. 9 (1858) ; Shamokin Valley & Pennsylvania Railroad Co. v. Malone, 85 Pa. 25, 36 (1877) ; 47 A. L. R. 1356; 13 Am. Jur. 1193, §1352; Fletcher Cyc. Corps., vol. 16, §8127, page 869.

In view of the foregoing principles, we deem it equitable to take evidence in the equity action and consider it as depositions in this petition to open judgment, for the purpose of discovering whether petitioner here and those for whom he purports to act have done equity.

### Order

And now, June 15, 1954, it is ordered and decreed that decision upon the petition to open judgment shall be deferred pending the hearing of plaintiffs' action in equity against Joseph Lupowitz, Sidney Lupowitz, Emanuel Lupowitz and Harold B. Lupowitz.