## Jewel Tea Co., Inc., v. Williamsport Transportation Co.

*Thomas Wood*, for plaintiff.

*Harry Alvan Baird*, for defendant.

GREEVY, J., January 13, 1956.—On June 4, 1954, Jewel Tea Co., Inc., plaintiff, instituted an action in trespass against the Williamsport Transportation Company, defendant. An appearance was filed on behalf of defendant and the case was submitted to arbitration under our rule of court 135, resulting in an award for plaintiff in the amount of $410.02. Defendant appealed on February 7, 1955, and on that same date notified counsel for plaintiff by letter, as follows:

"I advise that I have this day taken an appeal from the award of the Board of Arbitrators, and this notice

is given you as counsel for the adverse party under Rule 135(4).

"My clients request that I make claim for the damages to the bus and I can do this either by an original action or by asserting a Counterclaim in this action. The latter seems preferable since all questions will be resolved in one trial and thus avoid a multiplicity of actions. Please call me."

Plaintiff did not oppose this procedure. Thereafter defendant filed an answer and counterclaim, service of which was accepted by defendant.

On May 25, 1955, the case was heard by a jury which returned its verdict in favor of defendant and against plaintiff on the counterclaim in the amount of $452.78. The matter is now before us on plaintiff's motion for an arrest of judgment for the reason that defendant's counterclaim was submitted to trial by a jury without prior submission to arbitration.

A motion in arrest of judgment is an application to withhold judgment on the ground that there is an error appearing on the face of the record which vitiates the proceedings.

Since the granting of a motion in arrest of judgment tends to destroy plaintiff's action, in this case defendant's action on its counterclaim, after a verdict given in his favor upon the merits, the court will afford every aid in its power, consistent with law, to carry a verdict into effect.

This motion is based upon our rules of court pertaining to compulsory arbitration. The Supreme Court of Pennsylvania has held that the Act of January 14, 1952, P. L. 2087, which provides for compulsory arbitration, is constitutional and in all respects valid. See Smith Case, 381 Pa. 223. The Supreme Court of the United States dismissed the appeal taken from this opinion of the Supreme Court.

The Supreme Court, in the Smith case, page 235, states: "And the further objection that the permission given to the courts to establish boards of arbitration represents an unconstitutional delegation of legislative power is obviously untenable, for it is the statute itself which provides for such boards, leaving to the courts only the right to make administrative regulations; all the powers to be exercised by the arbitrators are also granted to them, not by the courts, but by the statute, which powers, incidentally, do not differ from those commonly vested in many of the administrative bodies which are now such important tribunals in the administration of justice".

It is a well established principal that rules of court are made to promote the administration of justice and necessarily the courts making such rules must be allowed a wide discretion in their interpretation and application. See 1 Standard Pa. Practice, pages 256-257.

A court which makes a rule may interpret it, determine whether it will be rigidly enforced, and in proper cases may suspend or disregard it in order that injustice be prevented. See Stokes Estate, 167 Pa. Superior Ct. 128; McFadden v. Pennzoil Co., 326 Pa. 277.

Where a case has been arbitrated and an award made to plaintiff, and an appeal has been taken by defendant who in answering the claim also files a counterclaim in an amount less than $1,000, not submitted to arbitration, after which the entire matter is submitted to a jury without any objection by plaintiff, it is too late after the jury trial for plaintiff to object for the reason that the counterclaim was not first arbitrated.

And now, January 13, 1956, the motion of plaintiff is refused.