## Rossi v. McDonnell

*Norman Shigon,* for plaintiff.

*Sheldon Tabb,* for defendant.

CHUDOFF, J., April 6, 1959.—This case comes before the court on defendant's petition to file an amended answer so that he may add to his "New Matter" a statement alleged to constitute a retraction, which it is claimed was "inadvertently omitted from page 2 of exhibit E" of defendant's answer to plaintiff's amended complaint in trespass for slander.

Defendant's petition alleges, inter alia:

On April 1, 1957, plaintiff filed an amended complaint in trespass alleging that at a hearing before Teamsters Joint Council #53, International Brotherhood of Teamsters, defendant made a certain defamatory remark about plaintiff, to wit: "This man in my opinion is a communist."

On April 26, 1957, defendant filed an answer to the amended complaint in trespass and new matter alleging that defendant appeared as a witness at the hearing before the joint council, and in the report of the proceedings which is attached to the answer and new matter and marked "exhibit E," made a statement which allegedly is tantamount to a retraction of the alleged defamatory remark.

The petition reads further that in copying the concluding statements of defendant into defendant's answer, the following was inadvertently omitted from page 2 of exhibit E.

"Chairman Backhus: Do you want to withdraw it?

"Mr. McDonnell: Yes, I'll withdraw it."

The court is mindful that a retraction of a libel or a slander is not ordinarily a defense to an action for

defamation: Taylor v. Hearst, 107 Cal. 262, 40 Pac. 392; DeSeverinus v. Press Publishing Co., 147 App. Div. 161, 132 N. Y. S. 80.

On the contrary, a full and fair retraction or an apology for a defamatory statement may be shown in an action for libel or slander for the purpose of mitigating the damages: Wharen v. Dershuck, 264 Pa. 562, 108 Atl. 18 (1919). See Hartman v. Time, Inc., 64 F. Supp. 671, modified on other grounds in 166 F. 2d 127, Cert. Denied 334 U. S. 838, 92 L. Ed. 1763, 68 S. Ct. 1495.

The reason for this rule is that a great number of people may have heard the slanderous matter who never heard the retraction. Also, apology implies a fault. Whatever merits it may have, it surely does not release from liability unless accepted with that intent; otherwise, it would place it in the power of one to do injury and then discharge himself by apology: Williams v. McManus, 38 La. Ann. 161, 58 Am. Rep. 171 (1886).

Therefore, although a retraction is not an affirmative defense to an action in slander, since it is incumbent upon defendant to introduce into evidence statements which would tend to mitigate the damages, it is in a sense a defense to the claim for damages if a slanderous remark were in fact made, and, for the purpose of pleading, it may be set up in the answer in the form of a defense.

Pa. R. C. P. 1033 provides:

"Amendment. A party, either by filed consent of the adverse party or by leave of court, may at any time change the form of action, correct the name of a party or amend his pleading. The amended pleading may aver transactions or occurrences which have happened before or after the filing of the original pleading, even though they give rise to a new cause of action or

defense. An amendment may be made to conform the pleading to the evidence offered or admitted."

Pa. R. C. P. 1030 provides:

"New Matter. All affirmative defenses, *including but not limited to the defenses* of accord and satisfaction, arbitration and award, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, laches, license, payment, release, res judicata, statute of frauds, statute of limitations and waiver, shall be pleaded in a responsive pleading under the heading 'New Matter'. A party may set forth as new matter any other material facts which are not merely denials of the averments of the preceding pleading." (Italics supplied.)

Pa. R. C. P. 1032, waiver of defenses, provides that subject to certain exceptions:

"A party waives all defenses and objections which he does not present either by preliminary objection, answer or reply . . ."

And Pa. R. C. P. 1045(c) notes provides:

"The affirmative defenses enumerated in rule 1030 must be pleaded."

Defendant relies strongly on rule 1033 and contends that the procedural rules are to be liberally construed. We agree with this proposition. It is well settled in this Commonwealth that, while the right to amend pleadings is ordinarily a matter resting in the sound discretion of the trial court, amendments should be allowed with great liberality at any stage of the case, unless, of course, they violate the law or prejudice the rights of the opposing party: Arzinger v. Baughman, 348 Pa. 84 (1943). Miners Savings Bank of Pittston v. Naylor, 342 Pa. 273, 20 A. 2d 287. The court in the Arzinger case, supra, at page 86, held:

". . . this Court is reluctant to foreclose a party because of the failure or neglect of his counsel when obvious injustice will be done (McFadden v. Pennzoil

Company, 326 Pa. 277, 191 A. 584). Furthermore, Rule 126, Pa. R. C. P., provides: 'The rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. The court at *every stage of any such action or proceeding* may disregard any error or defect of procedure which does not affect the substantial rights of the parties.'" (Italics supplied.)

Plaintiff contends that rules 1030, 1032 and 1045 (c) specifically cover the situation at hand, and that by failing to aver the alleged retraction under "New Matter" in his answer, defendant waived this defense.

The question here, then, is the effect, if any, of rules 1030, 1032 and 1045 pertaining to affirmative · defenses, on rule 1033 which relates to amendments of the pleadings.

Plaintiff's position seems to be that if an answer is filed which fails to allege these affirmative defenses, then no amendment of the pleadings should be permitted, because that defense has been forever waived or barred. With this proposition, we cannot agree. The procedural rules are not ends in themselves. They must be read in the light of practical experience in dealing with the problems of pleadings, formation of issues and disposition of judicial matters apart from the substantive aspects of the law. In order to expedite the administration, it was deemed necessary to provide broad rights to amend pleadings in order to eliminate the common-law practice of winning or losing a case on the basis of technical pleading requirements, without regard to the substantive rights of the parties.

It is also true, on the other hand, that some rules are necessary to clarify and make reasonably certain and expeditious the method of prosecuting a cause of action to final judgment. To this end, the rules provide

that certain defenses must be pleaded in a certain matter. Rules 1030 and 1045 serve to illustrate this proposition. We must inquire here, then, whether the above purpose of rules 1030, 1032 and 1045 require that defendant be refused the right to amend his answer. Under the circumstances of this case, the court does not believe the ends of justice will be promoted by refusing this right to defendant.

Defendant's answer to the amended complaint makes it clear that his failure to include the statements which he now seeks to have added to new matter was caused by simple, human, clerical inadvertence. This is made obvious when reading the transcript, page 94, of the proceedings before the joint council.

There are numerous cases where both our Supreme and Superior Courts have relieved parties for clerical inadvertence: See Kuntz v. Lanbar Hotel Co., Inc., 380 Pa. 90, 92 (1955) ; Myers v. Harrisburg Taxicab and Baggage Co., Inc., 368 Pa. 20 (1951) ; Scott v. Mc-Ewing, 337 Pa. 273, 275 (1940) ; Borjes v. Wich, 171 Pa. Superior Ct. 505, 507 (1952). Although all of these cases deal with the opening of default judgments where counsel or his staff inadvertently failed to answer the complaint or enter an appearance within the time required by law, the court cannot see any distinction between those cases and the one at bar. In fact, the equities of the situation here presented would appear to be greater where counsel did, in fact, timely file his answer, only to be stymied by a typographical omission.

In Martin v. Wilson, 371 Pa. 529 (1952), cited by plaintiff in his brief where request to amend the answer was denied, the defense of statute of frauds was not raised until the time of the trial. In Margolis v. Miller, 170 Pa. Superior Ct. 148 (1951), and in Delvitto v. Schiavo, 164 Pa. Superior Ct. 338 (1949),

where the same result was reached, the affirmative defenses were raised on appeal only. Plaintiff's strongest case, Echon v. Pennsylvania Railroad Company, 365 Pa. 529 (1950), is also distinguishable from the case at bar in that there the defense of statute of limitations was not raised until 19 months after the service of the complaint and only one week before trial. The situation in Echon v. Pennsylvania Railroad Company, supra, was exactly what was intended to be remedied by rules 1030, 1032 and 1045; that is, such a defense is to be asserted during the pleading stage, if at all, and not on the eve of trial. However, in the case at bar the statements now sought to be made part of defendant's answer were timely raised in new matter but, because of an oversight in the clerical force of defense counsel, the statement never was properly copied into exhibit E attached to the answer.

Again, in Martin v. Wilson, supra, Chief Justice Stern, in discussing rule 1030, stated at page 533:

"The provision of Rule 1030 is mandatory, and failure to plead any of the defenses therein enumerated renders the defense unavailable at the trial of the issue. [Citing Echon v. Pennsylvania Railroad Company, supra, Margolis v. Miller, supra, and Arabian American Oil Company v. Kirby & Kirby, Inc., 171 Pa. Superior Ct. 23 (1952)]."

It is significant to note the choice of the court's language: ". . . at the trial of the issue." No indication is given, nor can any inference logically be drawn from the opinion, that a lower court is not free to permit a party to amend at the pleading stage or shortly thereafter. The court is merely affirming the rationale behind the rules, that it would be inequitable to permit an amended answer raising an affirmative defense at the time of trial or immediately prior thereto.

Rule 1032 means only that these affirmative defenses are waived at trial if not properly raised in the pleadings, not that amendments to the pleadings are forbidden.

Since plaintiff in this case had notice within a reasonable time after the answer was filed that defendant intended to assert this defense if permitted, and, since the case will not be ready for trial until at least May 1959, the court concludes that defendant acted within a reasonable time in requesting leave to file his amended answer in advance of trial and without prejudice to plaintiff.

Accordingly, the prayer of defendant's petition for leave to file an amended answer setting forth retraction is hereby granted.

### Order

And now, April 6, 1959, defendant's petition for leave to amend answer is granted.