## Kesler v. Blakley

*Raymond J. Takiff*, for plaintiffs.
*James R. Caiola*, for defendants.

HONEYMAN, *J.,* September 28, 1977—Plaintiffs, William and Mary Kessler, are husband and wife residing at 3054 Limekiln Pike, North Hills, in Montgomery County, Pa. On August 9, 1974, plaintiffs commenced this action in trespass against defendants, Mr. and Mrs. Malachi C. Blakley. According to plaintiffs' complaint, defendants, who reside at 3058 Limekiln Pike, North Hills, Pa., erected a fence which trespassed on plaintiffs' property. On September 24, 1974, defendants filed their answer denying plaintiffs' allegations. Defendants also filed new matter and a counterclaim in which they alleged that the fence in question was situated on a dedicated right of way of Limekiln Pike. Defendants further alleged that plaintiffs had wrongfully cut down and removed a line of hedge which had been located on defendants' property. Plaintiffs filed their reply (styled answer) to defendants' new matter and counterclaim on October 4, 1974, in which they denied defendants' allegations.

From there on, plaintiffs and their counsel "dragged their feet" and were inattentive to court

commitments. After more than one year of unsuccessful effort by counsel for defendants to get plaintiffs' counsel to praecipe the case for compulsory arbitration, defendants' counsel obtained a hearing under Montgomery County Rule 212(g)(4) (now Rule 212(a)(3)). Plaintiffs' counsel did not appear, so the court entered an order dated November 5, 1975, directing the case be listed for trial. The court administrator scheduled the case for arbitration on March 18, 1976. Plaintiffs' counsel requested the court administrator for a continuance by calling on the telephone from his Philadelphia office. It was granted, and the case rescheduled for April 22, 1976. On that date plaintiffs and their counsel failed to appear, so the trial before the board of arbitrators proceeded in their absence. The arbitrators found for defendants on their counterclaim for $2,000 and against plaintiffs on their complaint.

On May 10, 1976, plaintiffs took an appeal from the award of the arbitrators. Plaintiffs filed an affidavit of non-delay, posted the required bond and paid the costs. Plaintiffs, however, failed to file a praecipe to list the case for trial as required by Montgomery County R.C.P. 807(a)(1). On September 21, 1976, defendants filed a petition to strike the appeal because of plaintiffs' failure to comply with the Montgomery County local rule, to which plaintiffs' counsel filed an answer on October 6, 1976.

The matter was scheduled by the court administrator for argument before the court en banc on July 18, 1977, and notice of such listing was mailed to both counsel on May 26, 1977. At 9:25 a.m. on the day for argument, plaintiffs' counsel telephoned for a continuance and he was advised to come immediately or send one of his partners. This case was

passed to the end of the list but by the end of morning, plaintiffs' counsel had not appeared so we heard argument in his absence. By order dated July 19, 1977, the appeal was stricken and the award of arbitrators reinstated.

Plaintiffs filed a petition for reconsideration on August 3, 1977, which was dismissed by the court in an order on the same date.

Plaintiffs contend that failure to follow local rule 807(a)(1) is de minimus and therefore should not bar their right to appeal. However, neither the Federal Constitution nor the Constitution of the Commonwealth of Pennsylvania requires that there be a right of appeal from an award of a board of arbitrators: Washington Arbitration Case, 436 Pa. 168, 259 A. 2d 437 (1969). Rather, the right of appeal from a decision of arbitrators, while substantial, is not absolute and can be subjected to reasonable conditions: Meta v. Yellow Cab Co. of Philadelphia, 222 Pa. Superior Ct. 469, 269 A. 2d 898 (1972).

The requirement that a praecipe be filed pursuant to the taking of an appeal is clearly a reasonable condition. It does not burden appellant in any unreasonable way but, instead, it affords the court notice of appellant's interest to proceed with the matter. In this way the case can be listed for trial without undue delay and the judicial process continues smoothly.

Although there are reported cases where similar failures to comply with local rules were held not to bar an appeal, it has long been settled law that a trial court has wide power to construe its own rules to determine whether they are to be rigidly enforced or even to suspend them: McFadden v. Pennzoil Co., 326 Pa. 277, 191 Atl. 584 (1937).

Plaintiffs in this case cannot argue that they have

been denied their day in court. In fact they have been given two such opportunities and both times plaintiffs' counsel has failed to make an appearance. Plaintiffs' counsel has been given notice well in advance of these scheduled hearings and on both occasions he has waited until the last minute to seek a continuance.

The court therefore finds no reason to view plaintiffs' failure to comply with Montgomery County R.C.P. 807(a)(1) as de minimus, particularly in the light of the slothfulness and inattention of plaintiffs' counsel. Defendants and their counsel were diligent throughout. They did not institute this litigation and they are entitled to have the matter concluded with all reasonable dispatch.